ARCHIBALD J. CRAIG, *et al vs.* ROSA HERZMAN, *et al.*

Opinion filed December 1, 1899.

### Mortgage—Mechanic's Liens—Priorities.

The provision found in section 4795, Rev. Codes, giving a court authority, under conditons stated therein, to order real estate to be sold, and the proceeds to be divided between the mortgagee, who had the first lien upon the land, and a mechanic's lien holder, who had a first lien upon the building, does not impair the obligations of the mortgage existing upon said land before the building was erected, and before the law was passed.

### Constitutional Requirement—Prospective Operation of Laws—Procedure.

Such provision, as it relates to procedure only, may be applied in any case tried after its enactment, although the cause of action arose before the enactment. The rule requiring statutes to be given prospective operation only does not apply to statutes relating to procedure.

### Mechanic's Lien Not Destroyed by Repeal of Lien Law.

The repeal of the mechanic's lien law, as it existed in the Compiled Laws, by the enactment of the Revised Codes, did not operate to extinguish liens that had been acquired under the prior law. Where a mechanic's lien has attached under the law in force at that time, the holder's right thereto becomes vested, and cannot be destroyed by the repeal of the law.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Archibald J. Craig and others against Rosa Herzman and others. Judgment for plaintiffs. Defendants appeal.

Affirmed.

*Mills, Resser & Mills,* for appellants.

Appellants' mortgage was given and recorded prior to the passage of § 4795, Rev. Codes, allowing a sale of the entire property and an apportionment of the proceeds. A sale of the entire property where the mechanic's lien attaches to the building only, appellants' mortgage on the land being a first lien, would violate the constitutional restriction upon laws impairing the obligation of contracts. Secs. 10 and 16, article I, Const. U. S.; *Bronson* v. *Kinzie,* 1 How. 311; *Taylor* v. *Stearns,* 18 Grat. 288. Wherever a subsequent law affects to diminish the duty or impair the right it necessarily bears on the obligation of the contract in favor of one party to the injury of the other, and is obnoxious to the prohibition of the constitution. *Grantley's Lessees* v. *Ewing,* 3 How. 707; *Planters' Bank* v. *Sharp,* 6 How. 301; *Curren* v. *State,* 15 How. 319; *Howard* v. *Bugbee,* 24 How. 461; *Hawthorn* v. *Cliff,* 2 Wall. 10. One of the tests that a contract has been impaired is that its value has by legislation been diminished. *Edwards* v. *Kearzey,* 96 U. S. 595-601; *Rutland* v. *Copes,* 15 Richardson (S. C.) 105; *Boice* v. *Boice,* 27 Minn. 371; *O'Brien* v. *Kreuz,* 36 Minn. 136. It is no answer that

the legislation in question is a regulation of the remedy and not of the right to the land. Where an act so changes the nature and extent of existing remedies as to impair the rights and interests of the owner it is just as much a violation of the contract as if it directly overturned his rights. *Greene* v. *Biddle,* 8 Wheat. 1; *Robards* v. *Brown,* 40 Ark. 423; *Collins* v. *Collins,* 79 Ky. 88; *Phinney* v. *Phinney,* 81 Me. 450. Statutes must be so construed as to give prospective and not a retroactive effect, particularly so where a retrospective construction will interfere with a vested right. Sutherland on St. Cr. § 206; 23 Am. & Eng. Enc. L. 448; *Cutting* v. *Taylor,* 51 N. W. Rep. 949; *Am. Ins. Co.* v. *County,* 59 N. W. Rep. 212; *Conrad* v. *Smith,* 6 N. D. 337; *U. S.* v. *Heath,* 3 Cranch. 399; *Harvey* v. *Taylor,* 2 Wall. 328; *Smith* v. *Auditor,* 20 Mich. 398. This is true of mechanics' liens. Boisot on Mechanics' Liens, § 41; *McCarthy* v. *Havis,* 3 South. Rep. 819; Cooley, Const. Lim. 370; Phillips on Mech. Liens, 22; *Vanderpool* v. *Ry. Co.,* 44 Wis. 652; *Plum* v. *Sawyer,* 21 Conn. 351. The liens in question were filed under chapter 31, Comp. Laws 1887, all parts of which applicable to this case were repealed by the Revised Codes of 1895, and without any saving clause. The repeal of the statute destroyed the rights of the lien claimants. 23 Am. & Eng. Enc. L. 502; *Lamb* v. *Schattler,* 54 Cal. 319; *County* v. *Kincaid,* 71 Ill. 587; *Chapin* v. *Crusen,* 31 Wis. 209; *State* v. *Campbell,* 44 Wis. 209; *State* v. *Van Stralen,* 45 Wis. 437; *Purmort* v. *Tucker,* 2 Col. 470. The lien of a mechanic does not arise out of his contract but depends upon the statute alone for its existence. *Bailey* v. *Mason,* 4 Minn. 430; Boisot, § 33. It is within the power of the legislature therefore to do away with the lien entirely. *Watson* v. *Ry. Co.,* 47 N. Y. 157-162; *Frost* v. *Ilsley,* 54 Me. 345.

*Newton & Smith,* and *Benton, Lovell & Bradley,* for respondents.

After the liens in question had been earned and asserted (filed) they became vested rights and it was beyond the power of the legislature to destroy them. There may be ownership of rights granted by statute. § 3267, Rev. Codes; § 2676 Comp. Laws. A thing of which there can be ownership is called property. § 3266, Rev. Codes. Mechanics' liens are assignable. Phil. Mec. Liens, § 55 and 29; Sec. 4797, Rev. Codes; Const. § 13; Cooley's Const. Lim. 429; Wade, Retroactive Laws, 156. Mechanics' liens by § 5469 were given to secure payment. The law in force at the time and place of making a contract enters into and forms a part of it, this embraces alike those which affect its validity, construction, discharge and enforcement. *Walker* v. *Whitehead,* 16 Wall. 314. There is a vested right in property which one owns and it cannot be taken away. Suth. St. Cr. § 480, p. 627; *Lane* v. *Nelson,* 79 Pa. St. 407; *Greenough* v. *Greenough,* 11 Pa. St. 489; *Weaver* v. *Sells,* 10 Kan. 609; *Smith* v. *Ry. Co.* 62 Miss. 510. The liens cannot be destroyed by repeal of the law under which they were filed. Suth. St. Cr. 628; *Waters* v. *Dixie, etc. Co.* 32 S. E.

Rep. 636. Notwithstanding the special repeal, by the Revised Codes, of the mechanics' lien laws theretofore existing, the liens filed under the Compiled Laws were not thereby destroyed. Where a statute is repealed and the repealing statute goes into effect the moment the former is repealed, and contains provisions identical with those in the repealed statute, such provisions are regarded as continuing in force without interruption. *Gull River Lumber Co.* v. *Lee*, 7 N. D. 135, 73 N. W. Rep. 430; *Steamship Co.* v. *Joliffe*, 2 Wall. 450; *Wright* v. *Oakley*, 5 Metc. 406; *Skyne* v. *Mill Co.* 7 Nev. 219; *Sheftels* v. *Tobert*, 46 Wis. 439; *Fullerton* v. *Spring*, 3 Wis. 667; *Hurley* v. *Town*, 2 Wis. 634; *Lande* v. *Ry. Co.* 33 Wis. 640; *Glintz* v. *State*, 38 Wis. 549. This court in 1898 enforced a mechanic's lien filed under the Compiled Laws. *Turner* v. *St. John*, 8 N. D. 245, 78 N. W. Rep. 340. The legislature has plenary power as regards the remedy. Pomeroy's Notes Sedg. St. Contr. 617. The Revised Codes relate only to the remedy. Where a statute deals with procedure only, prima facie, it applies to all actions, those which have accrued or are pending and future actions. *Chaffee* v. *Aaron*, 62 Miss. 29; *Ry. Co.* v. *Company*, 35 Ohio St. 1; *Sampeynese* v. *U. S.* 7 Pet. 222; § 5148 Rev. Codes. It forms no objection to a law that the cause of action existed antecedent to its passage so far as it applies to the remedy and does not effect the right. *Dobbins* v. *Bank*, 112 Ill. 553; *Peo.* v. *Tebbets*, 4 Conn. 384; *Peo.* v. *Supervisors*, 63 Barb. 83; *Hanschall* v. *Schmidz*, 50 Mo. 458; *Blair* v. *Casey*, 4 Wis. 543; *Jacquis* v. *Clark*, 9 Cush. 279; *Com.* v. *Bradley*, 16 Gray, 241; *McNamara* v. *Ry Co.* 12 Minn. 388; *Wimberly* v. *Maybury*, 14 L. R. A. 305; *Bill* v. *Myreck*, 3 Dak. 294; *Thomas* v. *Smith*, 42 Pa. 68; *Hine* v. *Pomeroy*, 39 Vt. 211; *Hepburn* v. *Curtis*, 32 Am. Dec. 760; *McLimans* v. *Lancaster*, 73 Wis. 596, 23 N. W. Rep. 689. The rights of parties are not divested by changing the form of the property from real estate to money. *Norris* v. *Clymer*, 2 Pa. St. 277; *Sargeant* v. *Culen*, 2 Pa. St. 393; Wade, Ret. Laws, 241; *Winnberley* v. *Maybury*, 14 L. R. A. 305.

BATHOLOMEW, C. J. This is a contest between certain mechanic's lien holders and a purchaser under a mortgage foreclosure sale. The property consists of a certain lot in the City of Fargo, upon which a two-story brick building, with party walls on either side, has been erected. The mortgage was given long before the building or any part thereof was placed upon the lot. The mechanic's liens attached before the foreclosure of the mortgage. This action was brought by the lienholders. The Red River National Bank was the only defendant that appeared and answered. It claimed title under the foreclosure proceedings, free and clear from all the mechanics' liens. The trial court established the liens upon the building, and found the value of the lot without the building and the value of the building separately, and each at the same sum, and directed that the premises be sold, and that one-half of the proceeds of sale be paid over to the defendant bank; that the mechanics'

liens, as established, and in their order, be paid from the other half; and that the surplus, if any, be paid over to the bank. From this decree the bank appeals.

The first position of appellant, as we understand it, is briefly this: When the mortgage under which it derives title was given, and when it was foreclosed, and when appellant received its deed thereunder, the statute in force relative to mechanics' liens declared that, where a building was erected upon land upon which there was an existing mortgage, the mortgage should remain a first lien upon the land, but that the liens for labor and materials used in the construction of the building should be a first lien upon the building, and that the building might be sold under said liens, and removed from the land. Comp. Laws, § 5480. It concedes that it possesses only such rights as came to it through the mortgage, and that it took such rights subject to the mechanics' liens, so far as they existed and could be enforced under the law existing when the mortgage was given, and when appellant acquired its title, but to no other or greater extent. It claims that the provision under which the court ordered a sale of the entire property was passed after it acquired its rights, and, in effect, impaired the obligations of the mortgage contract, and hence, as to appellant, such provision is unconstitutional and void. The provision is found in section 4795, Rev. Codes, which went into effect January 1, 1896, and is as follows: "But if in the opinion of the court it would be for the best interests of all the parties that the land and the improvements thereon should be sold together, it shall so order and the court shall take an account and ascertain the separate values of the land and of the erection, buildings or other improvements, and distribute the proceeds of sale so as to secure to the prior mortgage or other lien, priority upon the land, and to the mechanic's lien priority upon the building, erection or other improvement." It will be noticed that under the prior law the priority of the mechanic's lien was enforced by a sale and removal of the building. It so happens in this case that the building is so situated that it can be removed only by demolition. This a court will not sanction, where it would impair the rights of the former mortgagee. *Lumber Co.* v. *Danner,* 3 N. D. 475, 57 N. W. 343. Hence, if appellant's contention that its contract rights are impaired be correct, it will follow that the mechanics' liens can never be enforced against the property, and the appellant will enjoy the rare good fortune of having the value of its property doubled without any expense to itself.

It is admitted that the statute of which complaint is made is primarily remedial in character, but it is insisted that, if it enforce a remedy in a manner that prejudices contract rights, the facts that it is remedial does not take it out of the operation of the constitutional inhibition. It must be conceded that such is the law. *Taylor* v. *Stearns,* 18 Grat. 288; *Bank* v. *Schranck,* 97 Wis. 250, 73 N. W. Rep. 31, 39 L. R. A. 569; *Barnitz* v. *Beverly,* 16 Sup. Ct. 1042, 41 L. Ed. 93; *Edwards* v. *Kearzey,* 96 U. S. 600, 24 L. Ed.

793; *Antoni* v. *Greenhow*, 107 U. S. 769, 2 Sup. Ct. 91, 27 L. Ed. 468. It is necessary, then, to determine whether this statute did prejudicially affect contract rights existing by virtue of the mortgage. The impairment prohibited by the constitution is not a mere imaginary or impossible injury. The law must render the contract obligation less valuable, either by a contraction of its scope or increasing its duties, or by rendering it invalid or less enforceable. If such be the necessary effect of the law, it matters not how slight the impairment. *Green* v. *Biddle*, 8 Wheat. 1, 5 L. Ed. 547. What were the rights of the mortgagee under the mortgage? Primarily, to have the property covered by the mortgage—which was the naked lot—applied to the satisfaction of the debt secured by the mortgage. True, as to the mortgagor, the rights under the mortgage have ripened into title, his right of redemption has been foreclosed. But as to these lienholders whose rights in the building under the former law were superior to the rights of the mortgagee, and which rights could not be affected by the foreclosure, the appellant must still rely solely upon its rights under the mortgage. Under the amended statute, and under the decree of the trial court, the lot is still devoted exclusively to the payment of the mortgage debt. The contract obligation is not impaired in that respect. But appellant says that, if a mechanic's lien may be enforced by compelling a sale of the entire property, it might force a mortgagee to change the term of his investment, and put him to the trouble and expense of seeking another investment, and perhaps with a lower rate of interest. Should we admit this to be a valid objection to the statute,—and we do not,—still the answer would be that this appellant cannot raise that objection. Here, on the record, the mortgage was long since due. Appellant cannot possibly suffer in the manner indicated. "Only those whose rights would be prejudiced by the enforcement of an unconstitutional act can be heard to question its validity." 6 Am. & Eng. Enc. L. 1090, and cases cited. Again, it is urged that the law forces the mortgagee's security to a forced sale at the instance of the mechanic's lien holder, possibly on a bad market, and compels him to take such proportionate share in the proceeds as will give him priority on the land. This is only an imaginary possibility. The statute does not necessitate a sale upon a bad market. The law cannot presume anything of the kind. Moreover, the objection ignores the express wording of the statute.. It says: "But if in the opinion of the court it would be for the best interests of all parties," etc. The interests of the mortgagee are as carefully fostered as those of the mechanic's lien holder. In this case we are bound to presume that the court found it to be for the best interest of appellant that the sale should be so ordered, and that is conclusively presumed to be correct, as it is not brought before us for review. We are clear that there is no impairment of contract here involved, of which appellant can complain.

Another position urged by appellant is that the statute, as found

in the Revised Codes, is prospective only, and cannot be given a retrospective operation, and hence cannot apply to the liens here involved, or to rights accruing under the mortgage. The general rule requiring statutes to be given only a prospective operation unless a different legislative intent is manifest is well settled. But the rule is not generally applied to statutes relating to procedure. In Suth. St. Const. § 482, it is said: "Where a new statute deals with procedure only, prima facie it applies to all actions,—those which have accrued or are pending, and future actions. If, before final decision, a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are not affected by general words as to future proceedings from the point reached when the new law intervened. A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist. Every case must, to considerable extent, depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent; and this may be greatly influenced by considerations of convenience, reasonableness, and justice." The numerous cases cited by the author abundantly support the text. The new statute, in so far as it authorizes the court to order a sale of the entire property, and divide the proceeds in a manner to properly secure the rights of the respective parties, related to procedure only, and must be given a retrospective operation.

As its last contention, appellant urges that all the mechanics' liens here asserted arose and were claimed under the lien law as it existed in the Compiled Laws, and that such law was expressly repealed by the Revised Codes, without any saving clause, and that consequently the liens given by that law perished with it. We do not think this result followed. We had occasion to discuss this point to some extent in *Lumber Co.* v. *Lee,* 7 N. D. 135, 73 N. W. Rep. 430. The authorities are not unanimous. We cited them to some extent on page 137, 7 N. D., and page 431, 73 N. W. Rep., but did not decide the point, as it was not necessary in that case. We were there discussing a purely statutory lien,—a lien on personal property for taxes, and in which no element of consideration or contract could enter. Where, under a contract such as the law prescribes, one party furnishes to another things of value, for which the law gives the party so furnishing a lien, such party, upon compliance with the statute, has a vested right in such lien. It is the security, the mortgage, which the law furnishes him, and upon which he relied in parting with his valuables. It is property in his hands, and cannot be devested by a repeal of the law under

which he obtained it. In *Weaver* v. *Sells*, 10 Kan. 609, it is said: "When ever a mechanic's lien is created for material furnished, the right to the lien becomes a vested right at the time the material is so furnished; and it is not within the power of the legislature to afterwards destroy such right by repealing the statute under which the right has accrued, or otherwise." In *Hoffman* v. *Walton*, 36 Mo. 615, it is said: "The lien when filed, operates as an incumbrance." In Wade, Retro. Laws, § 173, after stating the general principle that vested rights could not be destroyed by legislative action, the author adds: "The rights of contractors, material men, sub-contractors, and laborers, under statutes giving mechanic's liens, and rendering them enforceable against the property upon which the work is done or materials furnished, are similar in kind, and governed by the same principles. The lien secured by giving notice, and otherwise complying with the law, or even the right to the lien before notice given, is part of the obligation of the contract, and at the same time is a right which the law secures to the mechanic or material man, under the same sanctions as may be invoked to protect the title to corporeal property." In *Waters* v. *Manufacturing Co.* (Ga.) 32 S. E. Rep. 636, it is said: "When the lien of a material man has, under the terms of the statute, become fixed and secured, such lien is then a vested right, and no subsequent repeal or modification of the act under which it became fixed can destroy or modify such right." See, also, *Händel* v. *Elliott*, 60 Tex. 145; *Streubel* v. *Railroad Co.*, 12 Wis. 67; *Chowning* v. *Barnett*, 30 Ark. 560; *Hallahan* v. *Herbert*, 11 Abb. Prac. (N. S.) 326; *In re Hope Min. Co.*, 12 Fed. Cas. 487 (No. 6,681); *Steamship Co.* v. *Joliffe*, 2 Wall. 450, 17 L. Ed. 805; *Skyrme* v. *Mining Co.*, 8 Nev. 219; *Buser* v. *Shepard*, 107 Ind. 417, 8 N. E. Rep. 280. We think the great weight of authority supports the holding of the foregoing cases. They certainly commend themselves to us as both logical and equitable. For a collection of the authorities holding that mechanics' lien laws pertain only to the remedy, and that liens are changed or swept away with the law, see Boisot, Mech. Liens, § 33, and cases cited. Finding no error in the judgment roll, the decree of the District Court is in all things affirmed. All concur.