(88 N. W. Rep. 1030.

---

JAMES B. EATON *vs.* THE GUARANTEE COMPANY OF NORTH DAKOTA.

---

**Statutes—Title of Act—Constitutional Law.**

Section 61 of the state constitution, and chapter 5, Laws 1901, construed, and *held* that the body of chapter 5 embraces but one subject, and *held*, further, that the subject of the act is expressed in its title.

**Title of Act—Plurality of Subjects.**

Where the subject of a statute is single, and the same is expressed in its title, the act will not be invalidated by the fact that the title announces a plurality of subjects.

Appeal from District Court, Bottineau county; *Cowan, J.*

Action by James B. Eaton against the Guarantee Company of North Dakota. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*E. Ashley Mears,* for appellant.

*James B. Eaton,* for respondent.

WALLIN, C. J. This action is brought to quiet title, and the complaint alleges, in substance, that the plaintiff has a fee-simple estate in the land described in the complaint, and that the defendant claims to have a mortgage lien upon the land. For relief plaintiff asks that the defendant be required to set forth its adverse claims to the land, and, in substance, that it may be adjudged that the defendant has no title, estate, or lien upon the land in dispute. To this complaint a general demurrer for insufficiency was interposed by the defendant, whereupon the issue joined by the demurrer was presented to the district court for determination, and that court, after hearing counsel upon said issue, overruled the demurrer to the complaint, and from the order overruling the demurrer defendant has appealed to this court.

In this court counsel for the appellant makes two points in support of the demurrer. His first contention is that the statute under which the complaint was obviously framed is unconstitutional, and hence void; and this claim is based upon the ground that said statute violates the provisions of § 61 of the state constitution, which are

as follows: "No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed." Chapter 5, Laws 1901, in terms permits an action to quiet title as against an adverse lien as well as against an adverse estate or title in land. In assailing this statute counsel argue, in substance, that the act, in its body, embraces several distinct subjects, and that the title of the act is also obnoxious as expressing more than one subject. The title is as follows: "An act to provide for making unknown persons parties defendant in certain civil actions; and to amend § § 5904, 5905, 5906, 5907, 5907a, 5908, 5909, 5910, 5911, 5912, 5913, of the Revised Codes of North Dakota for 1899, relating to the determination of conflicting claims to real estate and other actions and enacting other provisions relating thereto." A perusal of the body of the act will disclose the fact that the same consists wholly of amendments of the several sections of the Revised Codes of 1899 which are expressly referred to in the title of the act; i. e., the body of the act amends and re-enacts the sections of the Code of 1899 which are named in the title. Such amendments introduce certain changes in the statute, and add a few provisions or features not found in the original enactment; but a careful perusal of the several amendments has failed to show that any new matter is incorporated in the amendments which is not germane to the subject of the original act. We have failed to discover that any foreign or extraneous subject has been smuggled into the statute under the guise of amendments, and hence we have reached the conclusion that the body of the amendatory act embraced in chapter 5, Laws 1901, contains but a single subject, which subject is cognate with that found in the original act. The section of the constitution relied upon by counsel has uniformly and very properly received a liberal construction at the hands of the courts; and this court quite recently, as well as in its earlier decisions, has applied this rule of construction. See *In re Kol,* 10 N. D. 493, 88 N. W. Rep. 273. Reverting to the title of chapter 5, supra, we shall, without deciding the point, concede, for the purposes of the case, that the title embraces more than one subject. This concession will go to the full length claimed by counsel with respect to his criticisms of the title. We are confronted, therefore, with a piece of legislation in which the body of the enactment contains but one subject, and in which the title (after properly expressing the subject of the act as found in the body thereof) proceeds to announce or express one or more additional subjects which are not embraced in the statute itself. Upon this state of facts the question is presented whether chapter 5, supra, violates the inhibitions found in § 61 of the state constitution. In our opinion, this question must receive a negative answer. As we interpret § 61, an enactment which in its body

embraces but a single subject, which subject is expressed in its title, is not invalidated by the fact that the title expresses or announces a plurality of subjects. See 23 Am. & Eng. Enc. Law, 232; also *People* v. *Lawrence,* 36 Barb. 177. Our conclusion is that the point made against the constitutionality of the statute is untenable, and cannot, therefore, be sustained.

Counsel finally contends that under the amendatory act an action to quiet title as against an adverse lien may be maintained, whereas no such action could be maintained at the time the defendant obtained his mortgage on the land in suit. This change in the law is complained of by counsel apparently on the theory that a suitor has a vested and constitutional right in mere remedies whereby the rights of suitors are maintained in the courts. But this theory is untenable. The remedy, viz., the mode and manner of procedure in courts, is a matter within legislative control, and the same may at any time be modified or enlarged or diminished at the discretion of the lawmaker, provided always that the change in the remedy does not so operate as to cut off or abridge the substantial rights of the litigant. This rule is elementary. See Am. & Eng. Enc. Law (2d Ed.) page 753.

The order overruling the demurrer will be sustained. All the judges concurring.