KNUD ORVIK AND OLE G. OLSON v. JOHN CASSELMAN.

Opinion filed December 20, 1905.

### Evidence — Judicial Notice — Standard Time.

1. It is a fact of which the court takes judicial notice that "standard" or "railroad" time is the system for designating time which has been in general use in this jurisdiction since territorial days.

### Time — Notice of Foreclosure.

2. "Two o'clock p. m.," in a notice of foreclosure sale in 1896, must be taken to mean 2 o'clock in the afternoon, standard time.

**Foreclosure of Mortgage by Advertisement — Law in Force at Time of Foreclosure Prevails.**

3. Section 5848, Rev. Codes 1895, reducing the period of time previously required for publication of the notice of sale in foreclosures by advertisement, applies to all foreclosures by advertisement made after the revision took effect, even though the mortgage being foreclosed was executed before that time.

**Constitutional Law — Obligation of Contract.**

4. Section 5848, Rev. Codes 1895, did not, as to previously existing powers of sale, impair the obligation of any contract.

**Mortgage — Power of Sale — Enforcement.**

5. The stipulation in a mortgage conferring a power of sale in case of default gives a remedy which must be exercised agreeably to the statutes relating thereto in force when the remedy is invoked.

Appeal from District Court, Nelson county; *Fisk*, J.

Action by Knud Orvik and Ole G. Olson against John Casselman. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*W. H. Standish,* for appellant.

The law in force at the time the mortgage was executed must be followed in foreclosing it, although there has been a change in the law regarding procedure. Jones on Mortgages, section 1321; Smith v. Green et al., 41 Fed. 455; Heyward v. Judd, 4 Minn. 483, 4 Gil. 375; Goenen v. Shroeder, 8 Minn. 385, 8 Gil. 344; Carroll v. Rossiter, 10 Minn. 174, 10 Gil. 141; First M. E. Church v. Fadden, 8 N. D. 162, 77 N. W. 615; Garr v. Clements, 4 N. D. 559, 62 N. W. 640; Yealman v. King, 2 N. D. 421, 51 N. W. 721; Nichols v. Tingstad et al., 10 N. D. 172, 86 N. W. 694.

A sale made twenty-eight minutes prior to the time set for it is void. Richards v Tinnegan et al., 45 Minn. 208, 47 N. W. 788.

*Scott Rex,* for respondent.

Notice of sale published six times, once in each week for six successive weeks, although only forty days between first and last publication, is sufficient. McDonald v. Nordyke Marmon Co., 9 N. D. 290, 83 N. W. 6; Grandin v. Emmons, 10 N. D. 223, 86 N. W. 723.

The increase of the effectiveness of a remedy impairs the obligation of neither party to the contract. 15 Am. & Eng. Enc. Law,

1053; Schoenheit v. Nelson, 20 N. W. 205; Potts v. Arms Co., 17 N. J. Eq. 395; Hill v. Merchants' Mut. Ins. Co., 134 U. S. 515, 10 Sup. Ct. Rep. 589.

There is no vested right in a remedy. 6 Am. & Eng. Enc. Law, 947, 8 Cyc. 917; State Sav. Bank v. Mathews et al., 81 N. W. 918; Hill v. Merchants' Mut. Ins. Co., supra; Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610; New Orleans C. & L. B. Co. v. State, 157 U. S. 219, 15 Sup. Ct. Rep. 581; Rairden v. Holden, 15 Ohio St. 207; Rich v. Flanders, 39 N. H. 304; Henschall v. Schmiedtz, 50 Mo. 454; Bird v. Keller, 77 Me. 270; Conn. Mut. Life Ins. Co. v. Cushman, 108 U. S. 51, 27 L. Ed. 648; Seibert v. United States, 122 U. S. 284, 30 L. Ed. 1161; Von Hoffman v. Quincy, 71 U. S. 4, 18 L. Ed. 403.

Change of remedy in mortgage foreclosure is not within the rule. Webb v. Moore, 25 Ind. 4; Van Baumbach v. Bade, 9 Wis. 559; Halloway v. Sherman, 12 Iowa, 282; Bird v. Keller, 77 Me. 270.

ENGERUD, J. This is an appeal by defendant from a judgment for plaintiffs in an action to quiet title. Plaintiffs derived their title from a sale of the land in proceedings to foreclose a mortgage thereon by advertisement. The mortgage was executed and recorded in 1894. The foreclosure proceedings culminating in the sale were instituted in 1896. It is conceded that, unless that sale was invalid for one or both of the two reasons hereinafter stated, the judgment confirming plaintiff's title is right. Defendant attacks the sale, first, because there was an insufficient publication of the notice of foreclosure; and, second, because the sale was made twenty-eight minutes before the time stated in the notice.

The notice stated that the sale would be made at "2 o'clock p. m." of the day named. The sale was actually made at 2 o'clock in the afternoon, according to standard or railroad time, which at Lakota, the county seat of Nelson county, where the sale took place, is about 28 minutes faster than "sun time." Appellant asserts that the time stated in the notice must be taken to mean two hours after the sun had passed the meridian at that place, and hence the sale was made nearly half an hour too soon. The use of "standard" time in designating the hour of the day has been the universal usage in this state since territorial times. The court takes judicial notice of that usage. Rev. Codes 1899, section 5713e, subd. 30. After the general use of solar time became obsolete, the abbreviations "a. m." and "p. m." in designating time remained in use

to distinguish between forenoon and afternoon. In 1896 the accepted meaning of the expression "2 p. m." was, as it is now, 2 o'clock in the afternoon, standard time. That was its meaning in this notice, as it would be understood in this state at that time by every one of sufficient intelligence to read it. We have not overlooked the decisions on this subject in Georgia, Nebraska and Iowa. Henderson v. Reynolds, 84 Ga. 159, 10 S. E. 734, 7 L. R. A. 327; Searles v. Averhoff, 28 Neb. 668, 44 N. W. 872; Jones v. Insurance Co., 110 Iowa, 75, 81 N. W. 188, 46 L. R. A. 860. Those decisions have no bearing on this case, because, although the standard time may not have been adopted by usage in those several states at the time those decisions were rendered, there is no doubt in this state as to the universal adoption of that system of computing and designating time.

The objection to the sufficiency of the notice is equally as devoid of merit as the objection with respect to the time of sale. It is admitted that the notice was sufficient in form, and was published six times, once in each of six successive weeks before the sale; but the sale took place on the fortieth day after the first publication. This was a full compliance with section 5848, Rev. Codes 1895, as construed in McDonald v. Nordyke, 9 N. D. 290, 83 N. W. 6. In that case it was assumed, both by the court and counsel, that the regularity of the foreclosure was to be tested by the law in force when the proceedings were in progress. Appellant asserts, however, that the assumption was erroneous. He contends that the law in force when the mortgage was given must govern, because the right to foreclosure by advertisement rests upon the contract of the parties, and hence the right to this remedy was a contract obligation which could not be impaired by subsequent legislation. Under the law in force when the mortgage was given, it was necessary that at least forty-two days elapse between the first publication and the day of sale. Finlayson v. Peterson, 5 N. D. 587, 67 N. W. 953, 33 L. R. A. 532, 57 Am. St. Rep. 584. If the present foreclosure is to be tested by that law, then it is void, because only forty days elapsed between the first publication and the sale. The conclusion reached by appellant is unsound, even if it is conceded that the stipulation for the remedy by foreclosure by advertisement renders that remedy in any sense a contract obligation, so as to deprive the legislature of its usual control over remedies. Section 5848, Rev. Codes 1895, instead of impairing

the remedy or the right to resort to it, facilitates the exercise thereof. A law which renders the mortgagee's remedies more speedy and easily exercised clearly does not impair the mortgagor's obligations. The stipulation for the cumulative remedy was not for the mortgagor's protection, but for the benefit of the mortgagee.

Another fallacy in appellant's argument lies in the assumption that the stipulation granting a power of sale in case of default is an agreement that the remedy shall be exercised agreeably to the statute in force when the mortgage was given. The manner of exercising such a power has always been the subject of legislative regulation in this jurisdiction, and, when parties stipulate for that remedy, it must be presumed that they contemplate that the remedy shall, like any other remedy, be exercised agreeably to the statute in force when the remedy in invoked. Section 4709, Rev. Codes 1899, recognizes the right of the parties to contract for this remedy; but section 4710 expressly declares that the remedy can be exercised "only in the manner prescribed by the Code of Civil Procedure." These provisions have been in force since the Civil Code was adopted in the early days of Dakota Territory. It was clearly the intent to reserve to the legislature the right to regulate the manner of exercising the remedy, and it is equally clear that the statute in force when the remedy is used must be the one which governs the procedure.

The judgment is affirmed. All concur.