## S. M. JENSON v. JOE FRAZER.

(130 N. W. 832.)

County Courts — Appeal — Amendment of Statute — Effect on Perfected Appeals.

1. In February, 1907, plaintiff duly perfected an appeal to the district court from a judgment of the county court. At that time the party appealing had an election to appeal either to the supreme or district court. In March following, chapter 68 of the Session Laws of 1907 took effect, and by its provisions such appeals are restricted to the supreme court.

*Held,* that such amendatory statute does not operate to oust the district court of jurisdiction acquired by it over appeals previously taken and perfected.

County Courts — Appeals.

2. Under the statute in force at the time such appeal was perfected, appeals from the county to the district court were authorized to be taken in the same manner as appeals from justices' courts. It is accordingly held, that plaintiff had a right to appeal to the district court for trial *de novo* or on questions of law alone.

Opinion filed March 9, 1911.

Appeal from District Court, Ward county; *Charles F. Templeton,* J.

Action by S. M. Jenson against Joe Frazer. Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*Palda & Burke,* for appellant.

Appeals are governed by the statute in force when they are perfected. Rivers v. Cole, 38 Iowa, 677; Simberskey v. Smith, 27 Iowa, 177; Smith v. Van Gilder, 26 Ark. 527; Cheek v. Berry, 27 Ark. 314; Don-

aldson v. Security Trust & S. V. Co. 20 Ky. L. Rep. 857, 47 S. W. 763; Terry v. Johnson, 105 Ky. 760, 49 S. W. 767; and Donaldson v. Security Trust & S. V. Co. 21 Ky. L. Rep. 1796, 56 S. W. 424; Alexander v. Warner, 22 Ky. L. Rep. 720, 58 S. W. 700; Chalker v. Ives, 55 Pa. 81; Kepler v. Rinehart, 162 Ind. 504, 70 N. E. 806, and cases therein cited; Twenty Per Cent Cases, 20 Wall. 187, 22 L. ed. 341; Potter's Dwarr. Stat. 161; Wood v. Oakley, 11 Paige, 403; McEwen v. Den, 24 How. 242, 16 L. ed. 672; Harvey v. Tyler, 2 Wall. 328, 17 L. ed. 871; Ropes v. Snyder Harris Bassett Co. 35 Fla. 537, 17 So. 651.

All statutes operate prospectively, unless their terms, express or implied, import the contrary. Harvey. v. Tyler, 2 Wall. 347, 17 L. ed. 875; United States v. Heth, 3 Cranch, 399, 2 L. ed. 479; State ex rel. McClory v. Donovan, 10 N. D. 610, 88 N. W. 717; American Invest. Co. v. Thayer, 7 S. D. 72, 63 N. W. 233; Krom v. Levy, 60 N. Y. 126; Pignaz v. Burnett, 119 Cal. 157, 51 Pac. 48.

*Dorr H. Carroll,* for respondent.

The legislature having taken away the right of appeal to the district court, the latter is left without jurisdiction. Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523; Travelers' Ins. Co. v. Weber, 2 N. D. 239, 50 N. W. 703; Harvey v. Fink, 111 Ind. 249, 12 N. E. 396; Barker v. Thompson, 98 Ill. App. 78.

Except when granted by a Constitution, right of appeal is not a vested right. 2 Enc. Pl. & Pr. pp. 19, 20, note 2; Ex parte McCardle, 7 Wall. 506, 19 L. ed. 264; Callahan v. Jennings, 16 Colo. 471, 27 Pac. 1055; Smith v. District Ct. 4 Colo. 235; Harrison v. Smith, 2 Colo. 625; 1 Am. & Eng. Enc. Law, p. 623; Willoughby v. George, 4 Colo. 22; Stebbins v. Anthony, 5 Colo. 273; Webster v. Gaff, 6 Colo. 475.

FISK, J. This is an appeal from a judgment of the district court of Ward county dismissing an appeal taken by plaintiff from a judgment entered in the county court of said county in defendant's favor.

The assignments of error present, for our consideration, the sole question as to the correctness of the order dismissing such appeal.

The facts necessary to an understanding of the question involved are, briefly stated, as follows: This action was duly commenced in said county court in June, 1906, and a trial of the issues in January, 1907,

resulted in a verdict and judgment in defendant's favor. On February 16, 1907, plaintiff duly perfected an appeal from such judgment to the district court. Thereafter, and on April 13, 1907, defendant caused notice to be given to plaintiff that he would, on April 22d, apply for an order dismissing such appeal. The grounds of such motion are not stated in the record, but the abstract discloses that on May 20th of said year an order was entered reciting the fact of defendant's objection to the jurisdiction of the court, and directing the dismissal of such appeal. Pursuant to such order, judgment was ordered dismissing the appeal, with costs, from which judgment this appeal is prosecuted.

Neither the printed abstract, nor the original record, contains the motion papers nor discloses the grounds of the motion; but we assume from the briefs presented that the grounds of the motion, and the order and judgment complained of were that the act of 1907, being chapter 68 of the Session Laws of that year, which act amends § 8292, Rev. Codes 1905, so as to limit appeals from judgment of the county court to the supreme court only, necessarily operated to oust the district court of jurisdiction over such appeal. Such act became operative on March 19, 1907. The sole question for our consideration, therefore, is, What effect did the act aforesaid have upon the jurisdiction of the district court to entertain such previously perfected appeal? Under the statute, § 8292, Rev. Codes 1905, in force at the time such appeal was taken and perfected, plaintiff had the right to appeal either to the district or supreme court. But, as before stated, the act of 1907 amends said section by providing for appealing only to the supreme court. It is apparent, therefore, that such amendment operated to impliedly repeal the former statute in so far as it permitted appeals from the county court to the district court, and in view of the fact that such amendatory statute, by its terms, makes no exception in favor of pending appeals to the district court, authorities apparently supporting the trial court's ruling are not wanting. 4 Enc. L. & P. 623, and cases cited; 2 Enc. Pl. & Pr. pp. 19, 20 and cases cited.

Were it not for the statutory provision hereinafter mentioned, we might be inclined to adopt the views of the trial court. But by § 6732, Rev. Codes 1905, it is expressly provided that "no part of it (Code of Civ. Proc.) is retroactive unless expressly so declared." That this statutory rule applies to future amendments to the Code is well settled.

Such is the express holding of the supreme court of California under an identical statutory provision.  Ukiah Bank v. Moore, 106 Cal. 673,. 39 Pac. 1071.

Chapter 68 of the Laws of 1907, aforesaid, contains no express declaration that it shall be retroactive in its operation.  On the contrary it merely purports to govern future appeals.  It reads: "In all actions brought under the provisions of this chapter, an appeal may be taken to the supreme court of the state in the same manner and pursuant to the same rules as appeals from the district court; . . ."

To give to such statute the effect contended for by respondent's counsel might, and no doubt would in many cases, work great injury to litigants.  We cannot believe that it was the legislative intent in the enactment of such statute to oust the district courts of jurisdiction in causes then pending therein on appeals previously perfected from county court.  To give the force to said statute contended for would, in effect, be giving to it a retroactive operation.  While such implied repeal of the former statute, no doubt, took effect and became operative on the date of its approval, it should be given a prospective operation merely.  Appeals thereafter taken from county courts must, of course, be governed by the provisions of the new statute, but where, under the former statute, district courts have, through duly perfected appeals, acquired jurisdiction, not only of the parties but of the subject-matter, they should not be deemed to have lost such jurisdiction by the amendment in question.  Authorities to the contrary in jurisdictions not having a statute similar to § 6732, aforesaid, are of little, if any, value as precedents here.  As tending to support our views, see 36 Cyc. Law & Proc. pp. 1219, 1220, and cases cited; also Pignaz v. Burnett, 119 Cal. 157, 51 Pac. 48.

Respondent's contention, that the appeal was properly dismissed for the reason that such appeal was for trial *de novo* in the district court, and not merely for the review therein of alleged errors of law, and that the legislature never contemplated that such an appeal might be had, is, we think, without merit.  The statute expressly authorized appeals to be taken in the same manner as appeals from justice's court. § 8292. Appeals from justice's courts may be either on questions of law alone or for trial anew.

For the foregoing reasons the judgment is reversed and the cause remanded for further proceedings according to law.

All concur, except MORGAN, Ch., J., not participating.