STATE OF NORTH DAKOTA EX REL. ANDREW MILLER, Attorney General of the State of North Dakota, v. BUTTZVILLE STATE BANK, a Corporation, and Dakota Trust Company.

(144 N. W. 105.)

A state bank failed in July, 1910, having $1,207.80 of money belonging to the state of North Dakota upon deposit therein. Upon that date § 7387, Rev. Codes 1905, gave the state a preference right in making distribution of the assets of said bank, but this preference was taken away by chapter 101, Sess. Laws 1911, which, however, only became effective July 1, 1911. Under these facts, held:

Repeal of preference right — effect of — banks — surety — subrogation.

That the repeal of the preference right in 1911 did not operate to defeat the claim of the state which had accrued at the time of the failure of the bank in 1910, and that the Dakota Trust Company, which had been surety upon the bond of the bank and had paid the state the amount of the deposit,

---

Note.—On the question of the right of a surety to be subrogated to priority of state in payment from assets of debtor, see note in 29 L.R.A. 240, 248.

was subrogated to all the rights of the state, and should be paid under said chapter 7387, Rev. Codes 1905.

Opinion filed November 15, 1913.

Appeal from the District Court of Ransom County, *Allen*, J. Reversed.

*Watson & Young*, for appellant.

The appellant should be subrogated to all the rights of the state as a preferred creditor of the insolvent bank. Rev. Codes 1905, § 7387; Rev. Codes 1905, §§ 6109, 6110.

A change in legislation cannot operate to cut off or abridge substantial vested rights. Eaton v. Guarantee Co. 11 N. D. 79, 88 N. W. 1029; James River Lumber Co. v. Danner, 3 N. D. 475, 57 N. W. 343.

The rule is well settled that statutes are to be given only a prospective operation, unless a different legislative intent is manifest. Sutherland Stat. Constr. §§ 463 et seq.; Adams & F. Co. v. Kenoyer, 17 N. D. 302, 16 L.R.A.(N.S.) 681, 116 N. W. 98.

As between two possible constructions of a statute, the court must choose the one which upholds, rather than the one which would defeat, the statute. Erskine v. Nelson County, 4 N. D. 66, 27 L.R.A. 696, 58 N. W. 348.

It is plain that the act of 1911 was not intended to have a retrospective operation. Ryan v. Maxey, 14 Mont. 81, 35 Pac. 515.

The legislature cannot destroy or impair the obligations of contracts. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322.

No appearance by respondent.

BURKE, J. The Buttzville State Bank was incorporated in the year 1909 under the state law; on the 7th day of February, 1910, it applied to the board of auditors of the state of North Dakota to be named as a depositary of state funds, and the Dakota Trust Company became surety upon its bond for the faithful performance of its duties as such. Thereafter the state treasurer deposited various sums in the said bank in accordance with the state law upon that subject, and on the 18th

of July, 1910, had the sum of $1,207.80 in said depositary, when the bank closed its doors and suspended payment. The assets of the bank at that time consisted of $2,802.86 in cash and some bills discount, furniture, and other items, amounting in all to about $8,000. Its liabilities, including the amount due to the state of North Dakota, amounted to $8,146.89. At the time the Dakota Trust Company became surety upon the bond of the said bank for its faithful performance of its duties as a state depositary, § 7387, Rev. Codes 1905, gave the state the preference in making distribution of dividends of defunct banks, said section reading as follows: "If, in any such action, it shall be adjudged that a corporation has forfeited its corporate rights, privileges, and franchises, judgment shall be rendered that such corporation be excluded from such corporate rights, privileges, and franchises, and be dissolved; and thereupon the affairs of said corporation shall be wound up by and under the direction of a receiver to be appointed by the court, and its property sold and converted into money; and the proceeds after paying the costs and expenses shall be distributed in the following order:

"1. For the payment of taxes and debts due the United States, the state of North Dakota, and any county, town, or village therein.

"2. For the payment of the legal and equitable liens upon the property of such corporation in the order of their priority.

"3. The wages of laborers and employees accruing within six months previous to the commencement of the action.

"4. For the payment of the other just debts of the corporation.

"5. The residue of such money, if any, shall be distributed among the stockholders thereof."

However, this said section was expressly repealed by chapter 101, Sess. Laws 1911, which became effective July 1, 1911, and after said date the state enjoyed no preference right whatever, the said section being at that time re-enacted with the exception that the first subdivision was amended to read merely: "(1) For payment of taxes." The action for a receiver was commenced August 5, 1910, and suit was shortly thereafter begun against the Dakota Trust Company as surety upon the bond for the recovery of the amount of money due the state from such depositary, and such sums recovered from said Trust Company in the said action.

Under these facts the Dakota Trust Company served upon the receiver a notice claiming to be a preferred creditor, and asking that it be paid in preference to and before the payment of any dividend whatever to the general creditors of the said insolvent bank. The matter came up for hearing before the district court of Ransom county on the 12th day of April 1912, in the absence of the attorneys for the said Trust Company, and at that time an order was entered by the said court disallowing the preference of the Trust Company, and ordering the receiver to pay their claim in due course and *pro rata* with other general credit.

From this order the Trust Company has appealed to this court. Upon argument here the receiver makes no appearance, assuming, we presume, that he has no particular interest in the matter. The other creditors have likewise made no appearance, and no brief has been filed upon the behalf of the respondents by any person whomsoever.

(1) But one question is involved in this appeal, *viz.,* Did the repeal in 1911 of the law giving the state preference to the funds of the defunct bank operate to defeat the claim of the state, which in this case accrued at the time of the insolvency of the bank in 1910? Under § 6110, Rev. Codes 1905, the surety became entitled to the same remedies as the creditor. And under § 6111 it is entitled to the benefit of every security for the performance of the principal obligation held by the creditor. Therefore the Trust Company became subrogated to every right of the state of North Dakota in this action. We think it too clear for argument that the provisions of chapter 101, Sess. Laws 1911, were intended to operate only upon future transactions and were in no way intended to be retroactive, or to interfere with vested rights of contract. In this case the surety had signed the bond in 1910, more than a year prior to the repeal of said law. Had the state at that time enjoyed no preference, the surety company might not have assumed liability upon the bond, or at least would have insisted upon different compensation, and possibly would have protected itself by taking security from the bank. Moreover, the default occurred in July, 1910, almost a year before the repeal of the state's preference right. If the amendment of 1911 was intended to apply to this case, it would be in violation of § 16 of the Constitution of the state of North Dakota. James River Lumber Co. v. Danner, 3 N. D. 470, 57

N. W. 343; Erskine v. Nelson County, 4 N. D. 66, 27 L.R.A. 696, 58 N. W. 348; Craig v. Herzman, 9 N. D. 140, 81 N. W. 288; Eaton v. Guarantee Co. 11 N. D. 79, 88 N. W. 1029; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A. (N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Adams & F. Co. v. Kenoyer, 17 N. D. 302, 16 L.R.A.(N.S.) 681, 116 N. W. 98.

We think a perusal of these authorities will show conclusively that the 1911 Session Law does not affect the rights of the Trust Company herein, but that its claim should be paid under chapter 7387, Rev. Codes 1905, and it is so ordered.

The trial court will set aside its order herein made, and enter an order giving effect to this holding. Appellant will recover his costs upon this appeal, the same to be paid by the receiver as an expense of administrating the estate.