## NELSON v. WESTLAND OIL CO.

## FOSTER v. WESTLAND OIL CO.

## WESTOM v. WESTLAND OIL CO.

## MYERS v. WESTLAND OIL CO.

### No. 14063.

United States Court of Appeals
Eighth Circuit.

April 13, 1950.

372

J. P. Stevens, Minot, N. D., (Murray & Murray, Bismark, N. D., W. J. Austin, Mc-Clusky, N. D., and Bruce M. VanSickle, Minot, N. D., on the brief), for appellants.

J. F. X. Conmy, Fargo, N. D., (Francis Murphy, Fargo, N. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

These appeals, which have been consolidated and submitted upon a single record, challenge the validity of a judgment dismissing the actions of the plaintiffs (appellants). Three of the actions were brought to recover for wrongful deaths, and one for personal injuries. The deaths and injuries resulted from a fire which occurred in Minot, North Dakota, on July 21, 1947. The fire is alleged to have been caused by the negligence of the defendant (appellee). All of the actions were brought after July 1, 1949. Jurisdiction is based on diversity of citizenship.

The defendant, in each of the cases, moved the District Court as follows: "To dismiss the above entitled action on the grounds and for the reasons that said ac-

tion is not brought in the name of the real party in interest and the plaintiff named does not have the legal capacity to sue and the Court has no jurisdiction of either the parties or the subject matter, said motion being made upon all of the pleadings, files and records of this Court, particularly including the deposition on file of the Secretary of the North Dakota Workmen's Compensation Bureau, affirmatively showing that the plaintiff has filed claim for the loss and injury described in the complaint with the North Dakota Workmen's Compensation Bureau and that said Bureau has made an award upon said claim and has been and is making payments to the plaintiff pursuant to said award and that under the law of the State of North Dakota applicable the said North Dakota Workmen's Compensation Bureau has thereby become entirely subrogated by operation of said law to all rights the plaintiff might otherwise have had against this defendant on account of said loss and injury."

The defendant's motions were granted, and from the ensuing judgment of dismissal these appeals were taken.

In the consideration of these cases, we must, of course, assume that the allegations of the complaints are true, and that the deaths and injuries for which recovery is sought were caused by the defendant's negligence and that it is liable therefor.

It is conceded that the plaintiffs were entitled to the benefits of the North Dakota Workmen's Compensation Act, Title 65, North Dakota Revised Code of 1943, and that, prior to July 1, 1949, each of them had claimed, and had received, compensation under the act. It is also conceded that prior to July 1, 1949, no action had been brought against the defendant to enforce its liability growing out of these deaths and injuries.

At the time of the fire and until July 1, 1949, the third-party liability provision of the North Dakota Workmen's Compensation Act, § 65-0109, North Dakota Revised Code, 1943 read as follows: "65-0109. Injury Through Negligence of Third Person: Option of Employee; Fund [North Dakota

Workmen's Compensation Fund] Subrogated When Claim Filed. When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents, at his or their option, either may claim compensation under this title or obtain damages from, or proceed at law to recover damages against, such other person. If compensation is claimed and awarded under this title, the fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person. If the fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this title, any such excess less the expenses and costs of the action shall be paid to the injured employee or his dependents."

In 1949 the Legislature of North Dakota enacted Chapter 355, Laws of North Dakota 1949, effective July 1, 1949, reading as follows:

"Section 1. Amendment. Section 65-0109 of the North Dakota Revised Code of 1943 is hereby amended and re-enacted to read as follows:

"65-0109. Injury Through Negligence of Third Person; Option of Employee; Fund Subrogated When Claim Filed. When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents may claim compensation under this title and obtain damages from, and proceed at law to recover damages against such other person. If compensation is claimed and awarded under this title, the fund shall be subrogated pro tanto to the rights of the injured employee or his dependents to the extent of amount of compensation paid. The action to recover such damages against such other person shall be brought in the name of the injured employee, or his dependents in the event of his death, in his or in his depen-

dents' own right and name for the balance of compensation due him and as trustee for the workmen's compensation bureau for what it has paid on such claim. Expenses and costs of such litigation shall be prorated between claimant and bureau, should any damages be awarded. If no damages are awarded, the costs of the litigation shall be paid by the employee."

It therefore appears that prior to July 1, 1949, the common-law liability of a third party for the injury or death of a workman, if compensation had been claimed and awarded, could be enforced only by the North Dakota Workmen's Compensation Bureau "for the replenishment of the compensation fund, and for the benefit and assistance of the injured workman." Tandsetter v. Oscarson, 56 N.D. 392, 217 N.W. 660, 661, 662.

After July 1, 1949, by the terms of Chapter 355, Laws of North Dakota 1949, amending and reenacting § 65-0109 of the North Dakota Revised Code of 1943, the common-law liability of a third party for the injury or death of a workman, for which compensation had been claimed and paid, was no longer to be enforced by the Workmen's Compensation Bureau, but by the workman or his dependents in his or their own right and as trustee or trustees for the Bureau to the extent of the compensation paid by it to him or them.

The plaintiffs are of the opinion that the State Legislature, in amending § 65-0109, intended to accord to workmen or their dependents who on July 1, 1949, had, or thereafter would have, claims against third persons, the right to enforce the liability of such persons.

The defendant believes that Chapter 355, Laws of North Dakota 1949, must be construed to relate solely to causes of action for injuries and deaths which occurred after July 1, 1949, and that to give it the construction for which the plaintiffs contend, would violate § 1-0210 of the North Dakota Revised Code of 1943, which provides: "No part of this code is retroactive unless it is expressly declared to be so."

The parties have exhaustively briefed the questions whether the amendment of

§ 65-0109 affected substantial rights or was merely procedural, and whether, if procedural, it could, under North Dakota law, be held to apply to causes of action which had accrued prior to the effective date of the amendment.

The general rule is stated in 50 American Jurisprudence, § 482, pages 505-506, as follows: "A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past. Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary, statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. A fortiori, a statute or amendment which furnishes a new remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto."

In Eaton v. Guarantee Co. of North Dakota, 11 N.D. 79, 88 N.W. 1029, 1030, the Supreme Court of North Dakota said: " * * * The remedy, viz., the mode and manner of procedure in courts, is a matter within legislative control, and the same may at any time be modified or enlarged or diminished at the discretion of the lawmaker, provided always that the change in the remedy does not so operate as to cut off or abridge the substantial rights of the litigant. This rule is elementary. See Am. & Eng. Enc. Law (2d Ed.) page 753."

This rule has been applied by the Supreme Court of North Dakota in Craig

v. Herzman, 9 N.D. 140, 81 N.W. 288; Orvik v. Casselman, 15 N.D. 34, 105 N.W. 1105; Hanson v. Franklin, 19 N.D. 259, 123 N.W. 386; Heitsch v. Minneapolis Threshing Machine Co., 29 N.D. 94, 150 N.W. 457, L.R.A. 1915D, 349; First National Bank of Waseca v. Paulson, 69 N.D. 512, 288 N.W. 465.

On the other hand, support for the views of the defendant and the District Court can be found in Jenson v. Frazer, 21 N.D. 267, 130 N.W. 832; E. J. Lander & Co. v. Deemy, 46 N.D. 273, 176 N.W. 922; Patterson Land Co. v. Merchants' Bank of Napoleon, 55 N.D. 90, 212 N.W. 512; Ford Motor Co. v. State, 59 N.D. 792, 231 N.W. 883. In Jenson v. Frazer, supra, and in E. J. Lander & Co. v. Deemy, supra, the statutes there in question were thought by the court to impair vested rights. In Ford Motor Co. v. State, supra, which involved a change in the procedure for the recovery of overpayments of State income taxes, the court was of the view that the Legislature did not intend that the change should apply to actions for the recovery of taxes paid prior to the effective date of the new taxing act.

■ We think that a ruling that Chapter 355, Laws of North Dakota 1949, gave to the plaintiffs the right to bring these actions does no violence to the language of the statute, the intent of the Legislature, or to § 1-0210 of the North Dakota Revised Code of 1943. The claims upon which the actions were based were still in existence on July 1, 1949. It is fair to assume that if the Legislature of North Dakota should pass a law relating to children, it could not reasonably be held to apply only to the children who were born after the passage of the law.

It is to be noted that Chapter 355, Laws of North Dakota 1949, is expressly shown to be a reenactment of § 65-0109 of the North Dakota Revised Code of 1943, and that this section, both before and after its reenactment, related to the enforcement of third-party liability for injury or death of a workman which "shall have been sustained." Had the amended section used the words "shall hereafter have been sus-

tained" or "shall hereafter be sustained," we would agree that the amendment was not applicable to causes of action which had accrued prior to the effective date of Chapter 355.

The Court of Appeals of the Seventh Circuit was confronted with a similar problem in the case of Standard Accident Insurance Co. v. Miller, 170 F.2d 495, which involved an amendment to the third-party liability provision of the Indiana Workmen's Compensation Act (Burn's Ann.St. § 40-1213). The Act, like the North Dakota Act, related to injuries or deaths which "shall have been sustained." It was held that the amendment merely changed a remedial or procedural right and was applicable to causes of action which had accrued prior to the time of its enactment. To the same general effect are the following decisions of other courts: Calhoun v. West End Brewing Co., 269 App.Div. 398, 56 N.Y.S.2d 105; Dakota Central Telephone Co. v. Mitchell Power Co., 45 S.D. 462, 188 N.W. 750; Ogren v. City of Duluth, 219 Minn. 555, 18 N.W.2d 535.

 The defendant, in our opinion, had, prior to July 1, 1949, acquired no vested right to have its liability enforced by the Workmen's Compensation Bureau or not at all. Baird v. Chamberland, 70 N.D. 109, 292 N.W. 219, 222-223; Dunham Lumber Co. v. Gresz, 71 N.D. 491, 2 N.W.2d 175, 179, 141 A.L.R. 60. We think the procedural rights of the parties are controlled by the law in force at the time these actions were brought. Compare, Ogren v. City of Duluth, 219 Minn. 555, 18 N.W.2d 535, 539. It is, to say the least, improbable that after July 1, 1949, the Workmen's Compensation Bureau had authority to bring these actions. If it could not have brought them after that date and the plaintiffs can not now maintain them, then the defendant will have escaped the payment of an obligation which, on the face of the record before us, we must assume it owes. Our conclusion is that the plaintiffs' actions are maintainable.

We can not, of course, say with certainty that the applicable law of North Dakota is not what the District Court be-

lieved it to be. As a rule, this Court will accept the views of a District Judge as to a doubtful question of local law. Northern Liquid Gas Co. v. Hildreth, 8 Cir., 1950, 180 F.2d 330. It seems to us so improbable, however, that the plaintiffs, under North Dakota law, may not maintain their actions, that we are convinced that the judgment of dismissal should not have been entered.

If, before these cases are finally determined by the District Court, the Supreme Court of North Dakota shall rule that such actions as these may not be maintained by injured workmen or their dependents upon causes of action which accrued prior to July 1, 1949, the decision of that court, and not our decision, will govern the disposition of these cases. See Magill v. Travelers Insurance Co., 8 Cir., 134 F.2d 612; Anderson v. Sanderson & Porter, 8 Cir., 146 F.2d 58, 62.

The judgment appealed from is reversed.