GEORGE M. HOLMES *et al. vs.* STATE BANK OF DULUTH.

Argued by appellants, submitted on brief by respondent, May 17, 1893.   Decided
June 1, 1893.

Innocent Purchaser of Usurious Security, Who is.

  Where property is sold on a usurious mortgage, one who purchases at the foreclosure sale, and pays his money, without any notice of the usurious character of the mortgage, is protected as a *bona fide* purchaser of the property; and the same is true where, after the foreclosure sale, and before the expiration of the time of redemption, a person buys the interest or estate of the mortgagee, who bid in the property at such sale.

Purchase of Accommodation Paper, when not Usurious.

  Where one buys an accommodation note of the payee, not knowing that it was accommodation paper, but supposing that it was already a valid subsisting security in the hands of the payee, the transaction is not usurious, although he bought the paper at a discount greater than the legal rate of interest.

Appeal by plaintiffs, George M. Holmes and Byron G. S g g, from a judgment of the District Court of St. Louis County, *J. D. Ensign,* J., entered September 30, 1892.

Plaintiff Holmes on March 18, 1889, made to John Gonska, his note .and a mortgage for $350, on the north half of southeast quarter,

and lots three and four in section twenty-four (24,) T. 61, R. 12, in St. Louis County. He received but $300, and the securities were usurious. Gonska foreclosed under the power in the mortgage and bid in the land December 6, 1890, for $450.38. Gonska on September 15, 1891, sold and assigned his certificate for $425, to the defendant, the State Bank of Duluth. It had no knowledge or notice of the usury. Holmes on March 18, 1889, made a second note and a mortgage for $200, on this land to A. R. McDonald for his accommodation and without consideration. On April 20, 1889, McDonald sold and assigned this note and mortgage for $180, to defendant. This mortgage was also foreclosed, and the land sold August 18, 1890, to defendant for $275.98. It had no notice when it bought this note and mortgage that they were merely accommodation paper, or that Holmes had received no consideration therefor. No redemption was made from either foreclosure sale. On July 15, 1890, Holmes conveyed a one-fourth interest in the land to Segog. The property is in the region of the iron mines, and is vacant and unoccupied. This action was brought to set aside and cancel the notes and mortgages and the foreclosures thereof and to quiet title to the land in plaintiffs, and was tried April 17, 1892. Defendant had judgment, and the plaintiffs appeal.

*White, Reynolds & Schmidt,* for appellants.

*Cotton & Dibell,* for respondent.

MITCHELL, J. The court finds that in March, 1889, plaintiff Holmes executed to one Gonska a promissory note for $350, payable four months after date, with interest at 8 per cent. per annum, and, to secure the same, executed a mortgage upon certain real property; that this note and mortgage were usurious; that in December, 1890, Gonska foreclosed the mortgage by advertisement, and bid in the property for $450, and received the usual sheriff's certificate, which was put on record; that in September, 1891, Gonska executed to defendant an assignment of this certificate, and a conveyance of his interest in the premises, for which defendant then paid him $425; that at the time of receiving this assignment and deed, and paying the consideration therefor, the defendant had no notice or knowledge that the note and mortgage referred to were usurious, but bought and paid the consideration in good faith; that in March,

1889, plaintiff Holmes executed to one McDonald a negotiable promissory note for $200, due in four months, with 8 per cent. interest, and, as security therefor, executed a second mortgage on the same premises; that he executed this note and mortgage for the accommodation of McDonald, and received no consideration therefor; that, before the maturity of this note, McDonald sold, transferred, and indorsed this note, and assigned the mortgage to defendant for $180, then paid by it; that neither at the time of this purchase, nor at any time until after the foreclosure of this mortgage and the expiration of the time for redemption as hereinafter stated, did defendant have any notice or knowledge that this note was accommodation paper, or that plaintiff had received no consideration therefor; that in August, 1890, defendant foreclosed this mortgage by advertisement, and bid in the premises for the amount due thereon, viz. $275.98; that the time for redemption from both of these mortgage sales has expired, and no redemption has been made from either.

All of these findings are, in our opinion, amply sustained by the evidence.

Plaintiffs bring this action to have both sales set aside and de.lared void, on the ground that both mortgages were usurious and void. Defendant, on the other hand, claims to be the owner of the premises, and asks that it be so decreed, and that plaintiffs be adjudged to have no interest therein. Of course, if defendant has a good title under either sale, it must prevail. In our opinion, its title is good under both.

Taking up, first, the title under the Gonska mortgage, it cannot be questioned but that, if defendant itself had purchased at the foreclosure sale, it would have been protected as an innocent purchaser of the property, notwithstanding the usurious character of the mortgage on which it was being sold. *Jordan* v. *Humphrey*, 31 Minn. 495, (18 N. W. Rep. 450.)

And it can make no difference whether defendant bought at the sale, or subsequently from Gonska, who did buy at the sale. After the sale, and during the time for redemption, Gonska had a conveyable interest in the land. *Lindley* v. *Crombie*, 31 Minn. 232, (17 N. W. Rep. 372.) It was this interest in the land, and not the note and mortgage, which defendant bought from Gonska.

The same result is reached if we look to the McDonald mortgage. We are aware of the doctrine, of the courts of New York and some other states, that accommodation paper in the hands of the payee cannot be the subject of a sale; "that, to be the subject of a sale, the paper must have a pre-existing vitality;" that, an accommodation note having, in fact, as against the maker, no validity, and no legal inception, any one who buys it of the payee takes the precise place of the payee in respect to the defense of usury, although he purchases in ignorance of its true character, and supposing it to be, as it appears on its face, business paper, and given for value; and hence when such a note is sold, even to a *bona fide* purchaser, at a discount greater than the legal rate of interest, the transaction is usurious.

The same courts hold, as do all courts, that, if a party buys of the payee an accommodation note for its face, he can recover on it, and that the fact that the maker received no consideration will be no defense; also, that after paper has had an inception, and has become live business paper, a person may buy at any discount he can get it for, without rendering the transaction usurious. We confess that these distinctions are altogether too refined to commend themselves to our judgment. The doctrine of the New York courts virtually converts the purchase of a note into what the purchaser never intended or supposed it to be, viz. a loan of money, without which there can be no such thing as usury. Undoubtedly, if defendant had purchased this note *knowing* that it was accommodation paper, and hence had no vitality while still in the hands of the payee, the transaction would have amounted to a loan of money, upon the promise of the maker, Holmes, to pay back a sum that exceeded the rate of interest which defendant might legally exact, and hence would have been usurious. Or, to state the proposition generally, if no party, prior to the purchase, could have brought an action on the note, and the purchaser knew that fact when he bought it, then he must be taken to have loaned the money to the maker.

But the better rule, and the one as we think most consonant with reason and justice, is that if the holder, at the time he bought the paper, did not know that it was not already a valid subsisting security in the hands of the payee, there can be no intention of lending money, which is of the very essence of usury, and he may

recover upon it of the maker. He must assume that the apparent relation of the parties and character of the paper is the real one.

We think the question is already covered by the decision of this court in *Jackson* v. *Travis*, 42 Minn. 438, (44 N. W. Rep. 316,) which is not distinguishable in principle from the present case; and in this view of the law we are not without the support of authority elsewhere. See Daniel, Neg. Inst. § 752, and cases cited.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 555.)