10 N. D. 180, 86 N. W. 697; Grandin v. Emmons, 10 N. D. 223, 54 L.R.A. 610, 88 Am. St. Rep. 684, 86 N. W. 723; Lynch v. Burt, 67 C. C. A. 305, 132 Fed. 429; Reilly v. Phillips, 4 S. D. 604, 57 N. W. 780; Dray v. Dray, 21 Or. 59, 27 Pac. 223; Tharp v. Kerr, 141 Iowa, 26, 119 N. W. 267; Gilchrist v. Comfort, 34 N. Y. 235; Tinkcom v. Lewis, 21 Minn. 132; Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834; Hoover v. Johnson, 47 Minn. 434, 50 N. W. 475; Littler v. People, 43 Ill. 188; Durley v. Davis, 69 Ill. 133; Hyman v. Bogue, 135 Ill. 9, 26 N. E. 40; Wooters v. Joseph, 137 Ill. 113, 31 Am. St. Rep. 355, 27 N. E. 80; Parker v. Dacres, 130 U. S. 43, 32 L. ed. 848, 9 Sup. Ct. Rep. 433; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345.

Courts have no right to extend the period in which to make redemption, except in case of fraud which prevents a redemption within one year. Ignorance of the law, or misfortune, gives a court of equity no right to interfere. 17 Cyc. 1329; 27 Cyc. 1822, 1830, 1831; 2 Jones, Mortg. § 1053; 3 Freeman, Executions, § 316; State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694; Grandin v. Emmons, 10 N. D. 222, 54 L.R.A. 610, 88 Am. St. Rep. 684, 86 N. W. 723; Little v. Worner, 11 N. D. 382, 92 N. W. 456; Lynch v. Burt, 67 C. C. A. 305, 132 Fed. 429; Tilley v. Bonney, 123 Cal. 118, 55 Pac. 798; Hurn v. Hill, 70 Iowa, 40, 29 N. W. 796; McConkey v. Lamb, 71 Iowa, 636, 33 N. W. 146; Stocker v. Puckett, 17 S. D. 267, 96 N. W. 91; Hoover v. Johnson, 47 Minn. 434, 50 N. W. 475; Gates v. Ege, 57 Minn. 465, 59 N. W. 495; Bethel v. Smith, 83 Ky. 84; Gosmunt v. Gloe, 55 Neb. 709, 76 N. W. 424; Stewart v. Park College, 68 Kan. 465, 75 Pac. 491; Keely v. Sanders, 99 U. S. 441, 446, 25 L. ed. 327.

One making redemption proceeds at his peril, and if he does not tender the proper amount his rights are lost. 17 Cyc. 1332, note 45; 27 Cyc. 1823; 2 Jones, Mortg. § 1070; Hunt, Tender, §§ 51, 196; Davis v. Dale, 150 Ill. 239, 37 N. E. 215; Boyden v. Moore, 5 Mass. 370; Wright v. Behrens, 39 N. J. L. 413; Williams v. Dickerson, 66 Iowa, 106, 23 N. W. 286; Case v. Fry, 91 Iowa, 132, 59 N. W. 333; Horton v. Maffitt, 14 Minn. 289, Gil. 216, 100 Am. Dec. 222; Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834; Hoover v. Johnson,

47 Minn. 434, 50 N. W. 475; Bovey De Laittre Lumber Co. v. Tucker, 48 Minn. 223, 50 N. W. 1038; Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512; McMillan v. Vischer, 14 Cal. 232; Durley v. Davis, 69 Ill. 133; Dickenson v. Gilliland, 1 Cow. 481; Harmon v. Steed, 49 Fed. 779; Beebe v. Buxton, 99 Ala. 117, 12 So. 567; Beatty v. Brown, 101 Ala. 695, 14 So. 368; Murphree v. Summerlin, 114 Ala. 54, 21 So. 470.

While the sheriff is a public agent for the purpose of receiving redemption money, he cannot bind the purchaser by an illegal or improper redemption. Hunt, Tender, § 285; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; McDonald v. Beatty, 10 N. D. 519, 88 N. W. 281; Hannah v. Chase, 4 N. D. 355, 50 Am. St. Rep. 656, 61 N. W. 18; Bennett v. Wilson, 122 Cal. 509, 68 Am. St. Rep. 61, 55 Pac. 390; McMillan v. Vischer, 14 Cal. 232; Horton v. Maffitt, 14 Minn. 289, Gil. 216, 100 Am. Dec. 222; Davis v. Seymour, 16 Minn. 210, Gil. 184; Tinkcom v. Lewis, 21 Minn. 142; McCarthy v. Grace, 23 Minn. 182; Schroeder v. Lahrman, 28 Minn. 75, 9 N. W. 173; Hall v. Swensen, 65 Minn. 391, 67 N. W. 1024; Hull v. Chapel, 71 Minn. 408, 74 N. W. 156; Hughes v. Olson, 74 Minn. 237, 73 Am. St. Rep. 343, 77 N. W. 42; Byer v. Healy, 84 Iowa, 1, 50 N. W. 70; Byers v. McEniry, 117 Iowa, 499, 91 N. W. 797; Gilchrist v. Comfort, 34 N. Y. 235.

Misfortune, culpable negligence, ignorance of the law, or mistake as to the law, will not justify the interference of a court of equity. 17 Cyc. 1332; 3 Freeman, Executions, § 316, p. 1857; Case v. Fry, 91 Iowa, 132, 59 N. W. 333; McConkey v. Lamb, 71 Iowa, 636, 33 N. W. 146; Tharp v. Kerr, 141 Iowa, 26, 119 N. W. 267; Campau v. Godfrey, 18 Mich. 27, 100 Am. Dec. 133; Cameron v. Adams, 31 Mich. 426; Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834; State v. Kerr, 51 Minn. 417, 53 N. W. 719; Hyman v. Bogue, 135 Ill. 9, 26 N. E. 40; Lynch v. Burt, 67 C. C. A. 305, 132 Fed. 430.

The issue as to whether or not Anna G. Heitsch redeemed is *res judicata.* Where the real party in interest defends the action, the judgment is none the less *res judicata* because the proceedings are in the name of the sheriff. Baxter v. Myers, 85 Iowa, 328, 39 Am. St. Rep. 298, 52 N. W. 234; Elder v. Frevert, 18 Nev. 446, 5 Pac. 69.

29 N. D.—7.

A judgment in mandamus is as conclusive as a judgment in any other action, as to the issues determined therein. 19 Am. & Eng. Enc. Law, 723; 26 Cyc. 485; 13 Enc. Pl. & Pr. 504; Santa Cruz Gap Turnp. Joint Stock Co. v. Santa Clara County, 62 Cal. 40; Visher v. Smith, 92 Cal. 60, 28 Pac. 94; Hoffman v. Silverthorn, 137 Mich. 60, 100 N. W. 183; Lewis v. Brown Twp. 109 U. S. 162-166, 27 L. ed. 892, 893, 3 Sup. Ct. Rep. 92; Smeaton v. Austin, 82 Wis. 76, 51 N. W. 1090; Ashton v. Rochester, 133 N. Y. 187, 28 Am. St. Rep. 619, 30 N. E. 965, 31 N. E. 334.

A valid judgment for plaintiff definitely and finally negatives every defense, objection, or exception which might have been urged in the action. 24 Cyc. 1196, 1295; 24 Am. & Eng. Enc. Law, 781; 23 Cyc. 1242; Ward v. Clendenning, 245 Ill. 206, 91 N. E. 1028; Landes v. Matthews, 136 Mo. App. 637, 118 S. W. 1185; Kennedy v. Security Bldg. & Sav. Asso. — Ky. —, 57 S. W. 388; Shoemake v. Finlayson, 22 Wash. 12, 60 Pac. 50; Douthitt v. MacCulsky, 11 Wash. 601, 40 Pac. 186; Daskam v. Ullman, 74 Wis. 474, 43 N. W. 321; American Bonding Co. v. Loeb, 47 Wash. 447, 92 Pac. 282; Ramsey v. Wilson, 52 Wash. 111, 100 Pac. 177; Rullman v. Rullman, 81 Kan. 521, 106 Pac. 52; Drinkhouse v. Spring Valley Waterworks, 87 Cal. 253, 25 Pac. 420; Harvie v. Turner, 46 Mo. 444; Landis v. Hamilton, 77 Mo. 554; Walden v. Walden, 128 Ga. 126, 57 S. E. 323; Canal Constr. Co. v. Woodbury County, 146 Iowa, 526, 121 N. W. 556; Montgomery v. Vickery, 110 Ind. 211, 11 N. E. 38; Parr v. State, 71 Md. 220, 17 Atl. 1020; Bachelder v. Brown, 47 Mich. 366, 11 N. W. 200.

Where the real party in interest conducts the defense,—employs and pays counsel,—he is bound by the judgment. 24 Am. & Eng. Enc. Law, 737; 1 Freeman, Judgm. §§ 174, 184; 1 Herman, Estoppel, §§ 148, 150, 156, 157; 2 Van Fleet, Former Adjudication, §§ 522, 523; Bigelow v. Draper, 6 N. D. 158, 69 N. W. 570; Boyd v. Wallace, 10 N. D. 78, 84 N. W. 760; Bachelder v. Brown, 47 Mich. 366, 11 N. W. 200; Carpenter v. Carpenter, 126 Mich. 217, 85 N. W. 576; 136 Mich. 362, 99 N. W. 395; Kolpack v. Kolpack, 128 Wis. 169, 116 Am. St. Rep. 29, 107 N. W. 457; Hendricks v. Dean, 105 Minn. 162, 117 N. W. 426; Parsons v. Urie, 104 Md. 238, 8 L.R.A.(N.S.) 559, 64 Atl. 927, 10 Ann. Cas. 278; Hurd v. McClellan, 1 Colo. App. 327, 29 Pac. 181; Thomsen v. McCormick, 136 Ill. 135, 26 N. E.

373; Stoddard v. Thompson, 31 Iowa, 80; McNamee v. Moreland, 26 Iowa, 96; Wright v. Andrews, 130 Mass. 149; Albert v. Hamilton, 76 Md. 304, 25 Atl. 341; Parr v. State, 71 Md. 220, 17 Atl. 1020; Peterson v. Lothrop, 34 Pa. 228.

The notes and mortgage were unconditionally delivered. But the law presumes delivery where notes are no longer in the hands of the maker. Rev. Codes 1905, § 6318.

An express warranty in an order for goods excludes any implied warranties. Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903.

A party to whom an order for goods, signed by him, is delivered, is held to know the contents of such order. Reeves v. Corrigan, 3 N. D. 415, 57 N. W. 80; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; Furneaux v. Esterly, 36 Kan. 539, 13 Pac. 824; Reeves & Co. v. Lewis, 25 S. D. 44, 29 L.R.A.(N.S.) 82, 125 N. W. 289; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 470, 92 N. W. 826.

A general agent or branch house manager has no authority or power to modify a contract of his company, or change its provisions. J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 470, 92 N. W. 826; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 425, 61 N. W. 145; J. I. Case Threshing Mach. Co. v. Patterson, 137 Ky. 180, 125 S. W. 287.

The rendering of assistance in starting a machine, or repairing defects therein, does not affect or waive any provisions of the contract, or extend time of trial. Reeves v. Corrigan, 3 N. D. 415, 57 N. W. 80; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 425, 61 N. W. 145; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Heagney v. J. I. Case Threshing Mach. Co. 4 Neb. (Unof.) 745, 96 N. W. 175; J. I. Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Rev. Codes 1905, § 5333; Reeves v. Bruening, 13 N. D. 157, 100 N. W. 241; McCormick Harvesting Mach. Co. v. Markert, 107 Iowa, 340, 78 N. W. 33.

A breach of warranty must be proved as alleged. 35 Cyc. 437.

A failure to strictly comply with the contract waives the warranties.

35 Cyc. 437, 438; 30 Am. & Eng. Enc. Law, 189, and note 4; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; Burke v. Keystone Mfg. Co. 19 Ind. App. 556, 48 N. E. 382; Seiberling v. Rodman, 14 Ind. App. 460, 43 N. E. 38; J. I. Case Threshing Mach. Co. v. Mattingly, 142 Ky. 581, 134 S. W. 1131; J. I. Case Threshing Mach. Co. v. Cook, 7 Ga. App. 631, 67 S. E. 890; Gaar, S. & Co. v. Hicks, — Tenn. —, 42 S. W. 455; Nichols & S. Co. v. Chase, 103 Wis. 570, 79 N. W. 772; Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227; Avery Planter Co. v. Peck, 86 Minn. 40, 89 N. W. 1123.

The provision in the order, that persons therein named shall have no authority to alter or change such order, or waive any of its provisions, is valid and binding on the purchaser of the goods, and he is held to know that any such person so acting is exceeding his authority. Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Reeves & Co. v. Corrigan, 3 N. D. 415, 57 N. W. 80; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 470, 92 N. W. 826; Larson v. Minneapolis Threshing Mach. Co. 92 Minn. 62, 99 N. W. 623; Furneaux c. Esterly, 36 Kan. 539, 13 Pac. 824.

Where the contract calls for written notice to the company at its home office, notice to the local dealer, agent, or branch-house manager, is not sufficient. Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 470, 92 N. W. 826; Aultman & T. Machinery Co. v. Wier, 67 Kan. 674, 74 Pac. 227; Gaar, S. & Co. v. Hicks, —Tenn. —, 42 S. W. 455; J. I. Case Threshing Mach. Co. v. Lyons, 24 Ky. L. Rep. 1862, 72 S. W. 356; Nichols & S. Co. v. Caldwell, 26 Ky. L. Rep. 136, 80 S. W. 1099; 35 Cyc. 426, note 3; 38 Cyc. 432, note 38; Gaar, S. & Co. v. Green, 6 N. D. 48, 68 N. W. 318; Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 798; Seiberling v. Rodman, 14 Ind. App. 460, 43 N. E. 38; Burke v. Keystone Mfg. Co. 19 Ind. App. 556, 48 N. E. 382; J. I. Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Shearer v. Gaar, S. & Co. 41 Tex. Civ. App. 39, 90 S. W. 684; Murphy v. Russell, 8 Idaho, 133, 67 Pac. 421; Aultman & T. Machinery Co. v. Wier, 67 Kan. 674, 74 Pac. 227; Larson v. Minneapolis Threshing Mfg. Co. 92 Minn. 62, 99 N. W. 623; Zimmer-

man Mfg. Co. v. Dolph, 104 Mich. 281, 62 N. W. 339; Hercules Iron Works v. Dodsworth, 57 Fed. 556; Gaar, S. & Co. v. Hicks, — Tenn. —, 42 S. W. 455; Trapp v. New Birdsall Co. 109 Wis. 543, 85 N. W. 478; Nichols & S. Co. v. Chase, 103 Wis. 570, 79 N. W. 772; Reeves & Co. v. Lewis, 25 S. D. 44, 29 L.R.A.(N.S.) 82, 125 N. W. 289; J. I. Case Threshing Mach. Co. v. Gidley, 28 S. D. 101, 132 N. W. 711; J. I. Case Threshing Mach. Co. v. Mattingly, 142 Ky. 581, 134 S. W. 1131; J. I. Case Threshing Mach. Co. v. Lyons, 24 Ky. L. Rep. 1862, 72 S. W. 356.

Such an order or contract for the purchase of machinery is a valid, reasonable, and enforceable contract. Fahey v. Esterly Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Reeves & Co. v. Corrigan, 3 N. D. 415, 57 N. W. 80; Minnesota Thresher Mfg. Co. v. Lincoln, 4 N. D. 410, 61 N. W. 145; Gaar, S. & Co. v. Green, 6 N. D. 48, 68 N. W. 318; James v. Bekkedahl, 10 N. D. 120, 86 N. W. 226; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 470, 92 N. W. 826; Reeves v. Bruening, 13 N. D. 157, 100 N. W. 241; Hanson v. Lindstrom, 15 N. D. 584, 108 N. W. 798; Colean Mfg. Co. v. Feckler, 20 N. D. 188, 126 N. W. 1019; J. I. Case Threshing Mach. Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Nichols & S. Co. v. Chase, 103 Wis. 570, 79 N. W. 772; J. I. Case Threshing Mach. Co. v. Gridley, 28 S. D. 101, 132 N. W. 711, 30 Am. & Eng. Enc. Law, 188.

Where the contract is divisible, and the warranties apply to each article covered by the contract, and it provides that a defective article may be returned if not remedied by the seller, a return of the entire outfit is not a rescission. Nichols & S. Co. v. Wiedemann, 72 Minn. 344, 75 N. W. 208, 76 N. W. 41; Aultman & T. Co. v. Lawson, 100 Iowa, 569, 69 N. W. 865; Westbrook v. Reeves, 133 Iowa, 655, 111 N. W. 11; Northwest Thresher Co. v. Mehlhoff, 23 S. D. 476, 122 N. W. 428; Nichols & S. Co. v. Chase, 103 Wis. 570, 79 N. W. 772; Young & Conant Mfg. Co. v. Wakefield, 121 Mass. 91.

*Paul Campbell,* for respondents.

One who holds mere interest notes, and a mortgage securing same, the principal being represented by a separate note and mortgage, has no right to declare unearned interest due, and foreclose, by reason of any acceleration clause in such interest mortgage. Rev. Codes 1905, § 5511; Smith v. Whitley, 28 L.R.A.(N.S.) 114; Close v. Riddle, 91 Am.

St. Rep. 586; France v. Munroe, 19 L.R.A.(N.S.) 391; Davis v. Garr, 55 Am. Dec. 392; Sylvester v. Swan, 81 Am. Dec. 736; Bank of Newport v. Cook; 46 Am. St. Rep. 178.

A court cannot quiet title in a mandamus proceeding by cancelation of our certificate of redemption. 26 Cyc. 484–490; Randall v. Johnstone, 25 N. D. 284, 141 N. W. 352; Ueland v. More Bros. 22 N. D. 283, 133 N. W. 543; Luick v. Arends, 21 N. D. 614, 132 N. W. 353; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Clarke v. Doyle, 17 N. D. 340, 116 N. W. 348; West v. Northern P. R. Co. 13 N. D. 221, 100 N. W. 254.

The plaintiff properly secured the certificate of redemption; the full amount required to redeem was paid to the sheriff, the proper person. A redemptioner gets no certificate of redemption. The officer has no duty to perform other than to take the money and turn it over to the person entitled to receive it. Rev. Codes 1905, § 7145.

Our rights are governed by the law existing at the time we gave the mortgage. 11 Am. & Eng. Enc. Law, 2d ed. 213, 214; 28 Am. & Eng. Enc. Law, 2d ed. 845, note 2; Cargill v. Power, 1 Mich. 369; Smith v. Green, 41 Fed. 455; 8 Cyc. 894–994.

The tender and deposit law is mandatory, and is for the protection of persons who redeem, or attempt to redeem, in case the sheriff or others refuse their money. 13 Am. & Eng. Enc. Law, 13; 27 Am. & Eng. Enc. Law, 861; Styles v. Dickey, 22 N. D. 515, 134 N. W. 702; 19 Cyc. 529, 530.

The duties of the sheriff as to the "mortgagor" who redeems from sale, and his duties as to a "redemptioner" who redeems, are distinct. To the former he issues a certificate of redemption; to the latter, his deed. The certificate is filed and recorded; the notice of redemption is only filed. Rev. Codes 1905, §§ 7142–7156.

The purpose of the law is to furnish means of redress in case the sheriff refuses the money, and declines to issue certificate. 25 Am. & Eng. Enc. Law, 2d ed. 846; Spackman v. Gross, 25 S. D. 244, 126 N. W. 389; Rev. Codes 1905, §§ 6141, 6142, 1596; Graham v. Mutual Realty Co. 22 N. D. 423, 134 N. W. 43; Throop, Pub. Off. 560; Hannah v. Chase, 4 N.. D. 351, 50 Am. St. Rep. 656, 61 N. W. 18; Berthold v. Hoeman, 12 Minn. 335, Gil. 221, 93 Am. Dec. 233; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.

(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; Hintrager v. Mahoney, 78 Iowa, 537, 6 L.R.A. 50, 43 N. W. 552; 27 Am. & Eng. Enc. Law, 2d ed. 858; 25 Am. & Eng. Enc. Law, 2d ed. 850.

We procured and paid for the certificate in good faith; it was delivered to us, and this is sufficient to enable us to invoke equitable interposition. 25 Am. & Eng. Enc. Law, 2d ed. 779; Hintrager v. Mahoney, 78 Iowa, 537, 6 L.R.A. 50, 43 N. W. 522.

Where one in good faith attempts to redeem, and through mistake or fraud fails to comply strictly with the statute, equity will grant relief. 17 Am. & Eng. Enc. Law, 1036; Moore v. Bishop, 20 Ky. L. Rep. 1622, 49 S. W. 957; Bunting v. Haskell, 152 Cal. 426, 93 Pac. 110; 25 Am. & Eng. Enc. Law, 845; Henderson v. Harness, 184 Ill. 520, 56 N. E. 786; 27 Am. & Eng. Enc. Law, 849–858; 17 Cyc. 330; Graffam v. Burgess, 117 U. S. 180, 29 L. ed. 839, 6 Sup. Ct. Rep. 686; Branch v. Foust, 130 Ind. 538, 30 N. E. 631; Smith v. Huntoon, 134 Ill. 24, 23 Am. St. Rep. 646, 24 N. E. 971; Paddack v. Staley, 13 Colo. App. 363, 58 Pac. 363; Benson v. Bunting, 127 Cal. 532, 59 Pac. 991; Schroeder v. Young, 161 U. S. 334, 40 L. ed. 721, 16 Sup. Ct. Rep. 512; Stephenson v. Kilpatrick, 166 Mo. 262, 65 S. W. 773; Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Hintrager v. Mahoney, 78 Iowa, 537, 6 L.R.A. 50, 43 N. W. 522; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 697; Power v. Kitching, 10 N. D. 254, 88 Am. St. Rep. 691, 86 N. W. 737; Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185; Kenmare Hard Coal, Brick & Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 241.

Delivery of the notes is a conclusion of law. It does not involve mere manual possession, but requires an intent to deliver. Possession obtained by fraud, or in any wrongful manner, cannot be converted into a delivery. Rev. Codes 1905, §§ 5292–5294, 5753–6381; Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299; Ditton v. Purcell, 21 N. D. 648, 36 L.R.A.(N.S.) 149, 132 N. W. 347; Tamlyn v. Peterson, 15 N. D. 488, 107 N. W. 1081; Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Citizens' State Bank v. Garceau, 22 N. D. 576, 134 N. W. 882; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Viets v. Silver, 15 N. D. 51, 106 N. W. 35; Ueland v. More Bros. 22 N. D. 283, 133

N. W. 543; McCormick Harvesting Mach. Co. v. Taylor, 5 N. D. 53, 57 Am. St. Rep. 538, 63 N. W. 890; 7 Cyc. 683–688; 20 Cyc. 22–85, note 64; 31 Cyc. 1582–1603; 8 Cyc. 38; 4 Am. & Eng. Enc. Law, 2d ed. 201–204.

There was not even a conditional delivery here. The notes were turned over with the actual intent that they would not be effective, and there was no consideration. Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717; 31 Cyc. 1217–1429; Mechem, Agency, 273, 278.

The restrictions contained in the order in question render it void as against public policy. Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137.

There was an oral contract under which the rig was delivered and accepted. Rev. Codes 1905, §§ 5286–5308; Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137; National Refining Co. v. Miller, 1 S. D. 548, 47 N. W. 962; National Cash Register Co. v. Pfister, 5 S. D. 143, 58 N. W. 270; J. L. Owens Co. v. Bemis, 22 N. D. 159, 37 L.R.A.(N.S.) 232, 133 N. W. 59; 24 Am. & Eng. Enc. Law, 1028, 1029; 35 Cyc. 50–302; A. W. Cooper Wagon & Buggy Co. v. Stedronsky Bros. Co. 24 S. D. 381, 123 N. W. 846; Colean Mfg. Co. v. Blanchett, 16 N. D. 341, 113 N. W. 614; Reeves v. Bruening, 13 N. D. 157, 100 N. W. 241; Note to Bauman v. McManus, 10 L.R.A.(N.S.) 1139; P. J. Bowlin Liquor Co. v. Beaudoin, 15 N. D. 557, 108 N. W. 545; Minneapolis Threshing Mach. Co. v. Evans, 139 Fed. 860; Hooven & A. Co. v. Wirtz Bros. 15 N. D. 477, 107 N. W. 1078; Beiseker v. Amberson, 17 N. D. 215, 116 N. W. 94; McCormick Harvesting Mach. Co. v. Richardson, 89 Iowa, 525, 56 N. W. 682; Rev. Codes 1905, §§ 5376–5382; Clark, Contr. 127–420; Barton v. Koon, 20 S. D. 7, 104 N. W. 521; Wisner v. Field, 15 N. D. 43, 106 N. W. 38; Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717; Haugen v. Skjervheim, 13 N. D. 616, 102 N. W. 311; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Benesh v. Travelers' Ins. Co. 14 N. D. 39, 103 N. W. 405; Talbot v. Boyd, 11 N. D. 81, 88 N. W. 1026; Nichols & S. Co. v. Paulson, 6 N. D. 400, 71 N. W. 136; Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; 35 Cyc. 126–332.

False warranties and representations, whether the contract is oral

or written, constitute fraud, and authorize rescission of contract and return of property. Rev. Codes 1905, §§ 5292–5388; Sockman v. Keim, 19 N. D. 317, 124 N. W. 64; Needham v. Halverson, 22 N. D. 594, 135 N. W. 203; J. I. Case Threshing Mach. Co. v. Erickson, 21 N. D. 478, 131 N. W. 269; 35 Cyc. 368; 30 Am. & Eng. Enc. Law, 132; Rev. Codes 1905, §§ 5287–6623; Rochford v. Barrett, 22 S. D. 83, 115 N. W. 522; Bennett v. Glaspell, 15 N. D. 239, 107 N. W. 45; Union Trust Co. v. Phillips, 7 S. D. 225, 63 N. W. 903; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Ditton v. Purcell, 21 N. D. 648, 36 L.R.A.(N.S.) 149, 132 N. W. 347; American Case & Register Co. v. Walton & D. Co. 22 N. D. 187, 133 N. W. 309; National Cash Register Co. v. Pfister, 5 S. D. 143, 58 N. W. 270; 35 Cyc. 63–359; 9 Cyc. 474; 14 Am. & Eng. Enc. Law, 157, 158.

There was a waiver of all conditions of warranty and return, and an unperformed substituted agreement therefor. Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Greder v. Stahl, 22 S. D. 139, 115 N. W. 1129; Houghton v. Vavrosky, 15 N. D. 308, 109 N. W. 1024; Peter v. Plano Mfg. Co. 21 S. D. 198, 110 N. W. 783; Simonson v. Jenson, 14 N. D. 417, 104 N. W. 513; Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837; Breeden v. Ætna L. Ins. Co. 23 S. D. 417, 122 N. W. 348; Fransen v. South Dakota Regents of Edu. 66 C. C. A. 174, 133 Fed. 24; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35; Benesh v. Travelers' Ins. Co. 14 N. D. 39, 103 N. W. 405; Lee v. Neumen, 15 S. D. 642, 91 N. W. 320; Canham v. Plano Mfg. Co. 3 N. D. 229, 55 N. W. 583; Briggs v. M. Rumely Co. 96 Iowa, 202, 64 N. W. 784; J. I. Case Threshing Mach. Co. v. Ebbighausen, 11 N. D. 468, 92 N. W. 826; Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137; Pfeiffer v. Norman, 22 N. D. 168, 38 L.R.A.(N.S.) 891, 133 N. W. 97; Ueland v. More Bros. 22 N. D. 283, 133 N. W. 543; Fryer v. Cetnor, 6 N. D. 518, 72 N. W. 909; McGlynn v. Scott, 4 N. D. 18, 58 N. W. 460; Rev. Codes 1905, §§ 5378–5399; 35 Cyc. 27–654; 20 Cyc. 87; 24 Am. & Eng. Enc. Law, 1100–1160; 30 Am. & Eng. Enc. Law, 132; Baskerville v. Johnson, 20 S. D. 88, 104 N. W. 913; Stine v. Foster, 23 S. D. 558, 122 N. W. 598; Colean Mfg. Co. v. Blanchett, 16 N. D. 341, 113 N. W. 614;

Garland v. Keeler, 15 N. D. 548, 108 N. W. 484; Libby v. Barry, 15· N. D. 286, 107 N. W. 972.

Mrs. Heitsch and her land were mere sureties. Rev. Codes 1905, §§ 6099–6100; People's State Bank v. Francis, 8 N. D. 369, 79 N. W. 853; Colonial & U. S. Mortg. Co. v. Stevens, 3 N. D. 265, 55 N. W. 578; Roberts v. Roberts, 10 N. D. 533, 88 N. W. 289; State v. Mellette, 21 S. D. 404, 113 N. W. 83; Windhorst v. Bergendahl, 21 S. D. 218, 130 Am. St. Rep. 715, 111 N. W. 544; 27 Am. & Eng. Enc. Law, 2d ed. 433, 434; 32 Cyc. 22–37.

Acceleration clauses are only effective as remedies under the mortgage. They cannot be construed to make notes due, and are not effective against persons not parties. 7 Cyc. 860–861, note 59; 4 Am. & Eng. Enc. Law, 2d ed. 144; 7 Cyc. 599–628, note 92; Mallory v. West Shore Hudson River R. Co. 3 Jones & S. 174; McClelland v. Bishop, 42 Ohio St. 113; American Nat. Bank v. American Wood Paper Co. 19 R. I. 149, 29 L.R.A. 103, 61 Am. St. Rep. 746, 32 Atl. 305; White v. Miller, 52 Minn. 367, 19 L.R.A. 673, 54 N. W. 736; Trease v. Haggin, 107 Iowa, 458, 78 N. W. 58; Owings v. McKenzie, 133 Mo. 323, 40 L.R.A. 154, 33 S. W. 802.

Mrs. Heitsch is entitled to subrogation to the rights of the creditors. Rev. Codes 1905, §§ 6110–7144; Thurston v. Osborne-McMillan Elevator Co. 13 N. D. 508, 101 N. W. 892; Bingham v. Mears, 4 N. D. 437, 27 L.R.A. 257, 61 N. W. 808; Wm. Deering & Co. v. Russell, 5 N. D. 319, 65 N. W. 691; 27 Am. & Eng. Enc. Law, 202–209; 37 Cyc. 363–414.

The first instalments of the chattel mortgage constitute a first mortgage. Rev. Codes 1905, §§ 6157–7486; Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841; 6 Cyc. 1020; 7 Cyc. 82; 27 Cyc. 1303–1306.

The proceeds of the foreclosure of the chattel mortgage should be applied to the notes first due. These proceeds came from property to which the surety had the right to look. Note to McWhorter v. Bluthenthal, 96 Am. St. Rep. 57; Orleans County Nat. Bank v. Moore, 112 N. Y. 543, 3 L.R.A. 302, 8 Am. St. Rep. 775, 20 N. E. 357; Armstrong v. McLean, 153 N. Y. 490, 47 N. E. 912; Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; Styles v. Dickey, 22 N. D. 515, 134 N. W.

·702; Rev. Codes 1905, § 5243; 7 Cyc. 861, note, 62, 115; 27 Cyc. 1394; 30 Cyc. 1227–1252.

The conduct of appellant destroyed her said rights. Rev. Codes 1905, §§ 6092–7126; Peoples' State Bank v. Francis, 8 N. D. 369, 79 N. W. 853; 27 Am. & Eng. Enc. Law, 2d ed. 463, note 7, 464, note 1, 516–519, note 3, 520; 2 Am. & Eng. Enc. Law, 2d ed. 436–441, note 3, 442, note 5, 459–460, note 1, 461, note 2, 464; Lowe v. Reddan, 123 Wis. 90, 100 N. W. 1038, 3 Ann. Cas. 431; Thurston v. Osborne-McMillan Elevator Co. 13 N. D. 508, 101 N. W. 892; Bingham v. Mears, 4 N. D. 437, 27 L.R.A. 257, 61 N. W. 808; Crim v. Fleming, 101 Ind. 154; Pierce v. Atwood, 64 Neb. 92, 89 N. W. 669; 32 Cyc. 72–225; Anaheim Union Water Co. v. Parker, 101 Cal. 483, 35 Pac. 1048; Nelson v. Munch, 28 Minn. 314, 9 N. W. 863; Eppinger v. Kendrick, 114 Cal. 620, 46 Pac. 616; Keel v. Levy, 19 Or. 451, 24 Pac. 252; Morrison v. Citizens' Nat. Bank, 65 N. H. 253, 9 L.R.A. 282, 23 Am. St. Rep. 39, 20 Atl. 300.

The mortgage should be canceled. Rev. Codes 1905, §§ 6854–6857; Henry v. Maher, 6 N. D. 413, 71 N. W. 127; McLain v. Nurnberg, 16 N. D. 138, 112 N. W. 245.

BRUCE, J. (after stating the facts as above). It is difficult for us to see how the usurious character of the mortgage can be urged by the plaintiffs in this action. The Minneapolis Threshing Machine Company had nothing to do with its making nor with its foreclosure. The usurious nature of the transaction was a matter which should have been litigated at the time of the foreclosure. If sought to be foreclosed by advertisement, the mortgagors (the plaintiffs herein) could have enjoined such foreclosure, and compelled an action in which they could have interposed the defense. If foreclosed by action in the first place, they could also have made use of the defense. This was not done. It was not until after the mortgage was foreclosed and the sheriff's certificate of sale issued to the Berwick State Bank on November 30, 1907, and the redemption had been made by the defendant Threshing Machine Company, the lienor and the holder of the third mortgage, and a certificate of redemption issued to it, that the question was ever raised. There is no proof, even, that at the time of its

redemption the defendant had any knowledge of the usurious nature of the transaction, if usurious it was.    It is true that counsel for appellant denies this fact, and refers us to the record to corroborate his statement.    All there is in the record, however, is the statement by Henry Heitsch that at the time of buying the threshing rig he had a talk with Mr. Wiff about the $400 mortgage and the $80 mortgage. Nothing is disclosed as to what that conversation was, and no reference whatever is made to the alleged usurious nature of the mortgage in question.    The usurious nature of the transaction, then, is a matter which should have been litigated at the time of the foreclosure of the mortgage, and the matter cannot now be adjudicated.    It seems, indeed, to be the established law that "where property is sold on a usurious mortgage, one who purchases at the foreclosure sale and pays his money without any notice of the usurious character of the mortgage is protected as a bona fide purchaser of the property; and the same is true where, after the foreclosure sale and before the expiration of the time of redemption, a person buys the interest or estate of the mortgagee who bid in the property at such sale."    Holmes v. State Bank, 53 Minn. 350, 55 N. W. 555; McNeill v. Riddle, 66 N. C. 290.

There seems to be no question as to the regularity of these foreclosure proceedings, nor that the plaintiffs were properly served and had notice thereof.    The presumption is that they had notice.    Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134.

Even if not a subsequent lienor and entitled to redeem as such, the defendant was at any rate an assignee for value of the sheriff's certificate.    On no theory of agency can the sheriff be said to have been authorized to waive the payment of the taxes, or to postpone the payment of the same.    We held in the case of North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453, that "the sheriff or other person who conducts the sale on foreclosure by advertisement is the agent of the purchaser or holder of the certificate to receive the redemption money, but is not such an agent as can bind his principal to accept a check, instead of money from one qualified to redeem, or to retain the money received by such agent from one not a lawful redemptioner."

From this analogy it is perfectly clear that the sheriff in this case,

if an agent of the Minneapolis Threshing Machine Company at all, was an agent with limited authority merely, and was only authorized to receive the redemption money and to issue the certificate, provided that the redemption was made in compliance with the statute, and that the amount paid covered the taxes as well as the principal debt. It is well established that an agent to collect has no authority to accept less than the principal debt, nor to compromise the claim, or to allow any extensions thereon. See North Dakota Horse & Cattle Co. v. Serumgard, supra. These facts the Heitschs were bound to know, as the right and form of redemption is strictly limited and defined by the statute. They must have known that the sheriff was a statutory agent who exercised a limited authority. It is well established that a principal is not bound by the unauthorized acts of an agent which are not ratified by him, and where the lack of authority is known or should be known to the third party. The issuance of the certificate in this case was therefore in no way binding upon the defendant and appellant.

There is clearly no merit in respondents' contention that they were and should be excused from tendering the taxes and interest due because the notice of the payment and lien was not *filed* with the register of deeds as required by § 7142, Rev. Codes 1905, § 7756, Compiled Laws of 1913, which provides that, "written notice of redemption must be given to the sheriff, and a duplicate filed with the register of deeds of the county; and if any taxes or assessments are paid by the redemptioner, or if he has or acquires any lien other than that upon which the redemption was made, notice thereof must in like manner be given to the sheriff and filed with the register of deeds; and if such notice is not *filed,* the property may be redeemed without paying such tax, assessment, or lien."

The evidence shows that the notices were duly and seasonably recorded. This we believe was sufficient. The notices were recorded in February, 1908. In 1907 the legislature specifically enacted that such notices should be *recorded* rather than filed. See chapter 127, Laws of 1907. The act of 1907 was in force at the time of the attempted redemption in this case, and was applicable thereto. It repealed all acts and parts of acts in conflict with its provisions, and in this way

amended § 7142, Rev. Codes 1905, and changed the remedy of the redemptioner, the appellant herein. The amended statute in no way impaired the obligation of the contract of the mortgagor, or deprived him of property without due process of law. No person has a vested interest in any particular remedy, the exercise of which does not deprive him of any substantial right. To require a notice by a redemptioner or purchaser of taxes and interest paid to be recorded, and not merely filed, can hardly be said to be the deprivation of a substantial right, or an impairment of the obligation of its contract. Craig v. Herzman, 9 N. D. 140, 144, 81 N. W. 288; Orvik v. Casselman, 15 N. D. 34, 105 N. W. 1105; Scott v. District Ct. 15 N. D. 259, 107 N. W. 61; Jack v. Cold, 114 Iowa, 349, 86 N. W. 374; Strand v. Griffith, 63 Wash. 334, 115 Pac. 512; State ex rel. National Bond & Secur. Co. v. Krahmer, 105 Minn. 422, 21 L.R.A.(N.S.) 157, 117 N. W. 780; Webb v. Lewis, 45 Minn. 285, 47 N. W. 803; Northwestern Mut. L. Ins. Co. v. Neeves, 46 Wis. 147, 49 N. W. 832; Tuolumne Redemption Co. v. Sedgwick, 15 Cal. 515.

Nor can it be claimed that the plaintiffs were misled in the case before us. On November 29th, 1908, Mrs. Heitsch signed and delivered to her husband to take to Towner, a redemption notice which, among other things, stated that she was redeeming from the redemption of the appellants, and in which she recopied the notice of appellant, which contained the following words: "Together with all *taxes and assessments* . . . as set forth in certain *affidavits and notices* served upon you by the redemptioner of said property, the Minneapolis Threshing Machine Company, and filed in the office of the register of deeds of McHenry county, North Dakota, on the 24th day of February, 1908, *which said notice was recorded* in Book 198 of Mortgages, at page 459 thereof."

It is perfectly clear also that her husband, Henry Heitsch, who acted as her agent in the proposed redemption, was fully aware of the taxes and of the lien thereof, and this, if not before the receipt of the certificate, at any rate on the day thereof and before he left Towner. Campbell, his lawyer, testified: "I personally wrote on the back of Ex. 45 (Anna Heitsch's notice of redemption) the words appearing there in pencil, 'pay no more than due on sale $111.02 and 12 per

cent interest and *taxes and assessments.* Pay no other liens or mort-
gages,'—and *called Heitsch's attention to this notation, and told him
to show it to the sheriff.*" Heitsch testifies that he not only showed.
the notation to the sheriff, but "told him about the taxes. . . .
Sometimes he (the sheriff) said it would be all right to pay the taxes.
afterwards, and sometimes he said maybe it ought to be paid then,.
he and the lawyers up there didn't seem to know. The sheriff said he·
didn't have anything to do with them. . . . I had talked about
taxes before I went to get that money in the morning. The sheriff said
he didn't have nothing to do with the taxes that he knew of; he said
all that he had anything to do with was the $125.35, and $1 was his,.
and I went to the bank and drew this money. . . . Mr. Campbell
told me to pay the sheriff what he asked on the foreclosure, and also·
wrote it down so I wouldn't forget, and *taxes and interest* and no more.
. . . I and the sheriff, from around shortly after 9:00 o'clock until.
2:00 o'clock that day, were getting copies of the papers and going·
to see lawyers and *seeing about the taxes.* . . . *Mr. Javnager* told
me that he thought it was necessary to pay the taxes at that time, and.
then at times he told me it was all right if I paid them afterwards.
*I believe he told me that the Minneapolis Threshing Machine Com-
pany had paid some taxes.* He told me he had nothing to do with
it, that the land was safe and I could pay this afterwards. I went,
*to see Mr. Christianson about the taxes.* Mr. Christianson did not.
tell me that it wouldn't be a redemption unless I paid the taxes, not
in those words. He told me it would be all right if I paid them after--
wards. . . . I remember phoning to Mr. Campbell, I think it was·
in the forenoon sometime. At the time I talked with Mr. Campbell
*I did not have the certificate of redemption.* I wouldn't be certain.
that I said that I had the certificate at the time I phoned to Mr. Camp--
bell. I think Campbell told me that if the sheriff wanted that money,
that it was all right or something to that effect; that the taxes or any--
thing could be sent to them later on."

We cannot, indeed, read the whole testimony without being thorough-
ly convinced that the version of the sheriff is the correct one, that the·
Heitschs knew of the taxes, and merely failed to pay the same because·
they were short of funds, and that after arguing with Heitsch for half

a day, and giving him a chance to consult lawyers, he grew tired of the controversy and issue the certificate. It is quite noticeable, indeed, that though Mr. Christianson and Mr. Donnelly were both admittedly consulted by Mr. Heitsch while at Towner, neither Mr. Christianson nor Mr. Donnelly were called as witnesses by the plaintiffs, and, though Mr. Donnelly was called by the defendant, the plaintiff objected, on the ground of professional connections, to all evidence of the advice given. Mr. Donnelly, however, did testify that the sheriff told him over the phone that "there was not enough money to pay the amount required *and the taxes.*"

The question, then, is simply this, Can a sheriff bind a prior redemptioner or purchaser on a foreclosure sale by a certificate of redemption which he issues without authority from the purchaser or prior redemptioner, and without having first received the full sum which is required to be paid, and where both he and the last would-be-redemptioner know of the shortage? and when such is done, may the last redemptioner compel the purchaser or prior redemptioner to accept the balance after the time for redemption has expired? We think not.

In view of our conclusion that the defendants failed to redeem from the foreclosure of the mortgage to the Berwick State Bank, and that the title to such land vested in the defendant Minneapolis Threshing Machine Company on the failure to so redeem, and the fact that the said defendant has only asked for a foreclosure of its other liens and for a deficiency judgment in case the first relief prayed for is not granted and the land quieted in it, it is unnecessary to pass upon the validity of the other liens which are herein asserted.

The judgment of the District Court will be reversed, and judgment entered confirming and quieting the title of the said Minneapolis Threshing Machine Company in and to the lands described in the plaintiffs' complaint herein, and awarding to said defendant the costs of the action. Plaintiffs and respondents will also pay the costs and disbursements of this appeal.