ELLEN M. TUTTLE v. MARY E. BOSHART.[1]

January 16, 1903.

Nos. 13,220—(200).

**Sheriff's Certificate of Sale—Quitclaim Deed.**

> The right or interest in real property acquired by a purchaser at a mortgage foreclosure sale will pass by the execution and delivery of a quitclaim deed in common form during the year prescribed for redemption, and in case there is no redemption the title to the premises will vest in the grantee named in the deed.

Appeal by defendant from a judgment of the district court for Hennepin county, entered pursuant to the findings and order of Harrison, J. Affirmed.

*John F. Byers*, for appellant.

*Robert A. Hastings*, for respondent.

COLLINS, J.

Action to determine adverse claims made by defendant to vacant and unoccupied real property to which plaintiff alleged ownership.

In August, 1893, one Edward O. Tuttle was the owner of a mortgage upon the premises in question. He caused it to be foreclosed under the power, and the property was bid in in his own name at the foreclosure sale October 4, 1893. All of the necessary papers were duly executed, including the sheriff's certificate, and recorded on the same day. No redemption has ever been made from that sale. At this time Tuttle was indebted to defendant upon a promissory note, and shortly afterward he left the state. Eight months after the foreclosure sale, Tuttle executed and delivered a quitclaim deed in the common form, whereby he undertook to "grant, bargain, sell, remise, release, quitclaim and convey" the premises in question to Ellen M. Tuttle, this plaintiff. This deed was immediately recorded.

In April, 1899, this defendant, Boshart, began an action in this

1 Reported in 92 N. W. 1117.

state against Edward O. Tuttle upon the note before mentioned, and, having obtained judgment, proceeded to sell the land in controversy upon execution. The defendant was the purchaser at this sale. The sheriff's certificate of execution sale was executed and recorded, and no redemption was thereafter made. Later on, this action was commenced. These facts were stipulated and found by the court, and it was further found, without direct proof to that effect, that Edward O. Tuttle had no other interest in the premises, at the time he executed and delivered the quitclaim deed, than the interest acquired at the foreclosure sale; and, further, that it was his intention, when making this deed, to assign and transfer to the grantee the certificate of foreclosure sale, and all right, title, and interest secured thereby in and to the land in question. It will be seen that the plaintiff's title depended upon the foreclosure sale and the quitclaim deed, while defendant's rights were wholly based upon the execution sale. Judgment was ordered and entered in plaintiff's favor.

The precise question presented on appeal from the judgment is whether a naked quitclaim deed of the land executed and delivered during the year of redemption from the foreclosure sale operated as a conveyance of the right, title, and interest in the premises acquired by Tuttle through the sheriff's certificate, so that plaintiff obtained absolute title to the land upon the expiration of the redemption period, no redemption having been made. We regard the question as settled in this state. In Lindley v. Crombie, 31 Minn. 232, 17 N. W. 372, it was held that the right or interest acquired by a purchaser of real estate at an execution sale passed by a deed executed and delivered during the redemption period, in which the purchaser granted, bargained, sold, released, and quitclaimed to another party all of his "right, title, interest, claim, or demand in or to" the land; and, further, that, when the time to redeem expired without redemption, title to the premises vested in the grantee in the deed by and through the execution sale. There is not the slightest difference, in so far as this doctrine is involved, between a sale upon execution and a sale in mortgage foreclosure proceedings. The right or interest

which a purchaser acquires at one of these sales is the same as that secured at the other.

The only dissimilarity between the quitclaim deed considered in the Lindley case and the deed now before us is that in the first mentioned the grantor expressly conveyed all his "right, title, interest, claim, or demand in or to" the premises, while these quoted words did not appear in the other deed. But, had those words been incorporated in the Tuttle deed, they would have served no purpose, for, under the provisions of G. S. 1894, § 4163, a deed of quitclaim and release, of the form in common use, is sufficient to pass all the estate which a grantor can convey by deed of bargain and sale. That statute was in force when this deed was made, and it was sufficient to convey all the grantors' right, title, interest, claim, and demand in and to the land, without expressly so providing.

The doctrine laid down in the Lindley case was applied to a mortgage foreclosure in Cooper v. Finke, 38 Minn. 2, 35 N. W. 469, wherein it was held that the interest of a purchaser of land at a mortgage foreclosure sale was an interest or estate in land, capable of being conveyed by deed during the redemption period. There was further recognition and application of this doctrine in Buchanan v. Reid, 43 Minn. 172, 45 N. W. 11, and again in Holmes v. State Bank of Duluth, 53 Minn. 350, 55 N. W. 555. In the last it was reasserted that the purchaser at a mortgage foreclosure sale had a conveyable interest in the land during the year of redemption, and that, in case of the execution and delivery of a deed by such purchaser within the year, it was this interest and not the note and mortgage, which was conveyed.

From these decisions it is apparent that the operative words of the quitclaim deed in question were broad enough to include whatever and all interest the grantor might have had in the premises; and, while findings of the court as to his having no other interest than that acquired through the sheriff's certificate, and also that it was his intent to convey that interest, may have been immaterial, we fail to see wherein they were erroneous or prejudicial. In the absence of proof by the defendant that Edward O. Tuttle had any other interest when he deeded, the conclusive pre-

sumption was that he had none, and the court might so find; and it follows from this that when he conveyed by quitclaim deed his intent was to convey all interest acquired through the sale. The intent appears from the act.

Counsel for the defendant relies upon Hill v. Edwards, 11 Minn. 5 (22), but fails to notice the distinction between a conveyance of land by deed by a mortgagee before his mortgage has been foreclosed and a conveyance by a deed subsequent to such foreclosure. In that case it appeared that an attempt had been made by a mortgagee to transfer mortgaged land by deed before foreclosure, and the court held that the deed was inoperative. The language used (part of which we italicize) was that: "The mortgagee has no conveyable interest in the mortgaged premises *until foreclosure sale, or at least until entry after condition broken*; and a conveyance of the premises by the mortgagee to a third party, unless at least intended to operate as an assignment of the mortgage and transfer of the mortgage debt, is entirely inoperative, and such intention must be made to appear." The rule there laid down is not at variance with the doctrine established in the Lindley case, and has no application here, nor has this court departed from this doctrine at any time.

We hold that, through the sheriff's certificate of sale Edward O. Tuttle acquired an interest in this land which could be conveyed by quitclaim deed in common form, that his interest so acquired and his rights under the certificate were transmitted to the plaintiff by the deed executed and delivered by him in 1894, and that upon a failure to redeem from such sale within the statutory period of one year the title held by the mortgagor at the date of the mortgage passed to the plaintiff.

Judgment affirmed.