## LUCK LAND COMPANY v. F. A. DICKSON.[1]

April 28, 1916.

Nos. 19,539—(31).

**Indian land — issue of patent.**

1. In issuing a patent to land in fee simple to a mixed blood Chippewa Indian of the White Earth Indian Rerservation, the officials of the United States necessarily determined that the Indian was an adult. Such determination is conclusive as to the Indian's right to take and hold title, except in a direct action to set aside the patent.

**Indian — validity of conveyance by him.**

2. The issuance of the patent, while an adjudication of the patentee's right thereto, and of his title to the land, does not prevent the courts

1Reported in 157 N. W. 655.

of this state from inquiring into the question of the Indian's age for the purpose of determining the validity of a conveyance from him.

**Conveyances by Indian — not a Federal question.**

3. Under the Federal statutes after a patent in fee is issued to an Indian, questions as to the validity of his subsequent transfers of the land are controlled by the laws of the state.

Action in the district court for Becker county to determine adverse claims to vacant and unoccupied land. The separate answers of F. A. Dickson and R. L. Smith denied that plaintiff was owner in fee of the premises described and alleged that the answering defendant was such owner, and that plaintiff had no estate or interest in the same. The case was tried before Parsons, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion to amend the conclusions of law and order for judgment or for a new trial, defendant Dickson appealed. Affirmed.

*Charles C. Haupt and Clyde R. White,* for appellant.

*Fred Dennis and Marshall A. Spooner,* for respondent.

BUNN, J.

This is an action to determine adverse claims to certain real estate in Becker county. Plaintiff claims title to the property while defendant Dickson insists that the title is in him. Both claim under the Indian Me-gis-way-waish-kung. The trial court decided in favor of plaintiff, and defendant Dickson appeals from an order denying his motion to amend the conclusions of law and order for judgment, or for a new trial.

The Indian is a mixed blood Chippewa of the White Earth Indian Reservation. The lands in controversy are within the reservation, and prior to April 24, 1908, were allotted to the Indian. On that day he applied for a patent to the lands in fee simple, and on August 6, 1908, this patent was issued by the United States to the Indian. The patent was recorded in Becker county November 16, 1908. Defendant Dickson claims title under two deeds from the Indian, one made April 24, 1908, the other January 17, 1910. Plaintiff claims title under two subsequent deeds from the Indian, dated respectively, November 23, 1911, and July 12, 1912.

The trial court found as a fact that the Indian was born in April or May, 1889, and therefore was a minor at the time he gave the deeds under which defendant Dickson claims title. On the theory that the Indian had a right to avoid these deeds after he became of age, and did so when he gave the deeds under which plaintiff claims, it was held that plaintiff had the title. The finding as to the age of the Indian is not assailed as being against the evidence, nor does defendant question the result reached, if it can be held that it was open to prove that the Indian was a minor. The claim of defendant is that the United States, when it issued the patent, found that the Indian was an adult, and that this finding is conclusive. It is true that there was this finding, as the law required that the patentee be an adult. It is correct that the Indian's title could not be attacked on the ground that he was under age when the patent issued. The patent is conclusive evidence of title in the patentee as against the government and all claiming under junior patents or titles until it is set aside or annulled by some judicial tribunal. Steel v. Smelting Co. 106 U. S. 447, 1 Sup. Ct. 389, 27 L. ed. 226. Many other authorities might be cited to these propositions, but they are so well settled and undisputed that it is unnecessary.

But there is no case holding that the validity of transfers by the patentee may not be attacked by showing his incapacity, for minority or any other reason, to make a valid transfer. There is no case holding that the finding of the secretary of the interior or the land department that the Indian is an adult settles this question for all purposes and for all times. It settles it conclusively insofar as the right of the Indian to take and hold title is concerned, but the department has not attempted to adjudicate the capacity of the Indian to transfer his title.

When the lands were conveyed to the Indian by a patent in fee he became the absolute owner, and his title was unassailable. But in his further dealings with the property the laws of the state, not those of the Federal government, control. The act of Congress of February 8, 1887 (24 St. 388), and the act of May 8, 1906 (34 St. 182), provided that when lands were conveyed to Indians by patent in fee, each and every allottee shall have the benefit of and be subject to the laws of the state or territory in which they may reside. The Clapp Amendment of 1906 and 1907 (34 St. 325, 353, 1015, 1034), provided "that all restric-

tions as to sale, incumbrance or taxation for allotments within the White Earth Reservation in the State of Minnesota heretofore or hereafter held by adult mixed blood Indians, are hereby removed, and the trust deeds heretofore or hereafter executed by the department for such allotments are hereby declared to pass the title in fee simple." The suggestion that by the Clapp Amendment Congress intended to remove any restrictions as to the sale of their lands by Indians except those that the Federal government had heretofore imposed is without merit. There can be no doubt, both under the language of the acts of February, 8, 1887, and of May 8, 1906, and under the decisions, that the validity of sales or transfers by the Indian is a matter to be determined by the state law.

It follows that the courts of this state are not precluded from inquiring into the age of an Indian patentee for the purpose of determining the validity of a conveyance from him, or for any other purpose save to impeach his title to the land. The conclusion necessarily follows that the trial court was right in holding that the question of the Indian's age was open in this case, and, the finding on that question not being attacked, the result reached by the trial court was clearly correct.

Order affirmed.