E. H. KRELWITZ v. JAMES J. McDONALD.[1]

January 26, 1917.

Nos. 20,035—(183).

**Record — assignment of sale certificate of state land is a conveyance.**

1. The holder of a certificate of sale of state land is the equitable owner of the land; an assignment of such certificate is a conveyance of real estate within the statutory definition thereof; and a good-faith

1Reported in 161 N. W. 156.

purchaser who places his assignment on record is protected by the recording acts against a prior unrecorded assignment.

**Quitclaim deed.**

2. A quitclaim deed conveys such equitable title.

**Patents — conveyance by patentee to equitable owner required.**

3. Where, after a good-faith purchaser has become the owner of the equitable title to the land by virtue of the recording acts, the holder of an unrecorded assignment pays the balance due the state and surrenders the certificate and receives a patent, the patent cannot be canceled and the legal title revested in the state at the suit of the equitable owner, but the patentee may be adjudged to hold the legal title in trust for the equitable owner, and may be required to convey it to him upon payment of the amount so paid to the state.

Action in the district court for Aitkin county to set aside a patent from the state of Minnesota to defendant and to adjudge that plaintiff is the owner of the legal title to the lands described as against the defendant. The facts are stated in the opinion. The case was tried before Wright, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for additional findings was granted in part and denied in part. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed on condition.

*J. C. Hessian,* for appellant.

*Mantor & Ebner,* for respondent.

TAYLOR, C.

W. B. Armstead purchased the west half of the southwest quarter of section 22 in township 47 of range 27 from the state in 1902 for the sum of $480. He paid the first instalment of the purchase price, amounting to the sum of $72, and received separate certificates, of the usual form, for each 40-acre tract. In 1903, the certificates were assigned to his wife through a third party, and the certificates together with the assignments thereof were duly recorded in the office of the register of deeds on August 20, 1903. In 1910, the certificates were duly assigned to defendant by the Armsteads and delivered to him, but these assignments were never placed on record. Thereafter defendant paid the interest and taxes as they became due. On April 11, 1914, Mrs. Armstead, her husband joining with her therein, executed and delivered a

quitclaim deed of the land to plaintiff. Plaintiff paid the current interest and taxes and recorded his deed on April 16, 1914. On April 28, 1914, defendant paid to the county treasurer the balance of $408 due the state, and thereafter surrendered the certificates and assignments to the state auditor, and received and recorded a patent from the state for the land. Plaintiff subsequently brought this action. He set forth the facts in detail in his complaint; alleged that he was a *bona fide* purchaser for value without notice or knowledge of defendant's claim to the land; and asked to have the patent canceled, the certificates reinstated, to be adjudged the owner of the land as against defendant, and for such other and further relief as should be proper. The trial court rendered judgment in favor of defendant and plaintiff appealed therefrom.

The statutes provide that at a sale of state lands the purchaser must pay 15 per cent of the purchase price; that he may pay the remainder at any time within 40 years, if he shall pay interest thereon at the rate of four per cent per annum, on or before the first day of June, annually in advance; that the state auditor shall issue a certificate of sale to the purchaser specifying the terms and conditions of the sale; that such certificate shall be assignable; that such certificate shall entitle the holder to possession of the land, but that the fee shall remain in the state until patent be issued; that a patent shall be issued by the Governor whenever a certificate of sale is presented to him with the certificate of the auditor indorsed thereon that all payments have been made and that the holder is entitled to a patent; and that certificates of sale, assignments thereof, and patents may be recorded in the office of the register of deeds. G. S. 1913, §§ 5210, 5227, 5230, 5237. The holder of a certificate of sale is the equitable owner of the land. Wilder v. Haughey, 21 Minn. 101, 106; State v. Red River Lumber Co. 109 Minn. 185, 123 N. W. 412. An assignment of such certificate is a conveyance of real estate within the statutory definition thereof. G. S. 1913, § 6813. The patent vests the full legal title to the land in the grantee therein, and cannot be set aside and the title be revested in the state at the suit of an adverse claimant. McKinney v. Bode, 33 Minn. 450, 23 N. W. 851; Luck Land Co. v. Dickson, 132 Minn. 396, 157 N. W. 655. But an adverse claimant, having rights superior and paramount to those of the patentee, may enforce such rights against such patentee, and the courts will afford him the re-

lief to which he is entitled so far as they are able to do so without trenching upon the lawful rights of others.

At the time plaintiff received and recorded his deed from the Armsteads, the ownership of the certificates appeared from the records to be in Mrs. Armstead. This deed conveyed to plaintiff all the rights of Mrs. Armstead in the land, and was as effective to convey her rights under the certificates as formal assignments would have been. Tuttle v. Boshart, 88 Minn. 284, 92 N. W. 1117; Wellington v. St. Paul, M. & M. Ry. Co. 123 Minn. 483, 144 N. W. 222. If .plaintiff was a *bona fide* purchaser for value without notice, the recording acts make his title superior and paramount to that of defendant. The trial court made findings of fact and conclusions of law and directed judgment for defendant. The original findings set forth the various transactions in detail, but contain no express finding as to whether plaintiff was or was not a *bona fide* purchaser. On plaintiff's motion the court amended the findings of fact to the effect following: That before making his purchase plaintiff examined the records and found that they showed Mrs. Armstead to be the owner of the certificates; that plaintiff requested the Armsteads to send him the certificates and was informed that they did not know where the certificates were, but would send them to him with proper assignments indorsed thereon if they ever found them; that thereupon plaintiff paid them $200 and accepted the deed; and "that in making said purchase and paying said consideration he acted in good faith relying upon said records." But the court made no change in its conclusions of law or order for judgment, and judgment was entered for defendant as before stated.

The recording act provides that every conveyance not recorded, "shall be void as against any subsequent purchaser in good faith and for a valuable consideration  *  *  *  whose conveyance is first duly recorded." The finding of the trial court is sufficient to bring plaintiff within the protection of this statute. There is no ground for attributing one meaning to the term "good faith" as used in the statute and a different meaning to it as used in the finding, and the evidence establishing plaintiff's good faith is ample. That the Armsteads, instead of producing the certificates, explained that they could not be found, is not sufficient to charge plaintiff with notice of an unrecorded assignment, where he had no knowledge of any facts indicating that the Armsteads had parted with posses-

sion of them. It follows that the findings of fact do not sustain the conclusions of law nor the judgment based thereon.

It is difficult to fully protect the established rights of both parties. If the state still held the title to the land, plaintiff would not be required to pay the remainder of the purchase price until 1942, but would have the privilege of paying it and receiving the patent at any time before that date, but the patent has already been issued, and the legal title to the land is vested in defendant and cannot be revested in the state. The court can adjudge that defendant holds the legal title in trust for plaintiff, and can direct that the title be conveyed to plaintiff or that its judgment stand in lieu of such conveyance; but in order to do so must make adequate provision for securing and enforcing the lawful rights of defendant. Plaintiff took his title subject to the payment of the balance of $408 due to the state. Defendant has paid that balance, and was not a volunteer in doing so, for he paid it to perfect his own title in the belief that he was the owner of the certificates of which he had possession. He has succeeded to the title of the state, and cannot be required to convey such title until he has been repaid the amount to which the state was entitled at the time plaintiff's rights accrued. Under the circumstances, we think it would be hardly equitable to require him to wait until 1942 before receiving his money, especially as the rate of interest reserved by the state is only four per cent. Plaintiff invokes the equitable powers of the court and must do what is equitable on his part. We think he should be required to repay the sum of $408 paid by defendant together with interest thereon from June 1, 1915, the date to which interest had previously been paid; that the order for judgment should provide that if he shall pay said amount to defendant, or into court for defendant, within 60 days from notice of the filing of such order, judgment shall be entered vesting in him the title to the land in fee simple; that, if he shall fail to make such payment within such time, judgment shall be entered confirming the title in defendant.

The judgment appealed from is reversed with directions to amend the conclusions of law and the order for judgment so as to accord with the views here expressed.